Per Curiam.

We áre of opinion, that the consideration of the deed of trust was sufficient, and' that it was not a conveyance within the statute against usury. That statute applies to contracts and assurances by way' of security- for-existing debts only. This was not a security, but an absolute conveyance upon trusts, and Operated as a payment or satisfaction of the debts mentioned in it, which debts,' upon the performance of the trusts, would be discharged and extinguished. It was an act done in execution of the previous contracts by which the usurious debts Were created, and nothing but the trusts remained for the benefit of the grantor.. An act of this nature cannot be rescinded on the ground of usury If that were permitted in the case óf an absolute conveyance, or a conveyance upon trusts, the consequences would be extensively injurious. No man could be safe in his title' to real property, if the question of usury might at any time be opened to impeach the consideration and validity of the deeds under which he claimed.
It is obvious that the doctrine to this extent could not be toleratéd.(a)
Motion denied.

 In Reading v. Weston, 7 Conn. R. 143,409, Hosmer, JV, says: “ The law invalidates not only ‘ all bonds and contracts,’ made', for the payment, of usury, but ‘ all mortgages and .assurances.’ An absolute deed is both a contract and an assurance, (2 Bl. Comm. 294,) and therefore is within the letter of the law. That it is within the. object of it is equally unquestionable. The act was made to prevent usurious oppression in every case, regardless of the force or form of a transaction) with whatever garb it may be clothed, and whatever device it may assume; Lowe v. Waller, Doug. 736; Jestons v. Brooke, Cowp. 793, 796; Masser v. Dauling, 2 Str. 1243; Tate v. Wellings, 3 T. R, 521, 538; Rich v. Topping, 1 Esp. 176; Atkinson v. Scotty 1 Bay, 303; Carter, q. t., v. Brand, 1 Cam. & Nor. 28, 5 Rep. 69,(b) Many evasions of the statute have been attempted, but the courts have uniformly'supported *199 its spirit, by stripping off every disguise, however plausible or specious, and unveiling the corrupt transaction. Absolute conveyances, both of land and personal property, have been invalidated on proof of usury ; Bro. tit. Usury, pi. 1; Carter v. Clay, Cole’s case, 1 Leon. 307; Peterson’s case, Cro. Eliz. 104; Doe d. Davidson v. Barnard, 1 Esp. 11.” And in Mitchell v. Preston, 5 Day, 100, it was determined that an absolute deed of land made to secure a usurous loan, was void. But in Flint v. Sheldon, 13 Mass, R. 443, 446, et seq., it was held that a deed purporting an absolute conveyance of land, could not be avoided or controlled in its construction by an averment, or by parol evidence of usury. The same doctrine has been sanctioned in IVIaine; Hale v. Sewell, 7 Greenleaf, 435; see Richardson v. Field, 6 id. 35, 37; Chandler v. Morton, id. 379. Though the general rule forbids that an absolute deed shall be shown by parol evidence to have been given as a mortgage, (Webb v. Rice, 6 Hill, 219; Cowen & Hill’s Notes, 1431,2, et seq.,) yet when this is necessary to unmask the vice of usury, the case constitutes an exception; Cowen & Hill’s Notes, 1447, where many American authorities are cited.