*109
 
 Paige, J.
 

 (Dissenting.)
 
 — The evidence in this case was sufficient to entitle the plaintiffs to have the question of usury submitted to the jury. If the real character of the agreement was a loan, and the taking of the lands was imposed as a condition of the loan, the whole transaction was tainted with usury; and the assignment of the three bonds and mortgages to the defendant, as well as the bond and mortgage of Schroeppel, were void. (19 Johns. 509.) The loan of the money, the execution of the bond and mortgage of Schroeppel, the assignment of the three bonds and mortgages, and the sale of the land, were parts of one entire ^agreement. The ^ ^ usury consisted in the excessive price of the *- land; this excess formed a part of the consideration of the bond and mortgage, executed by Schroeppel, and of the assignment of the three bonds and mortgages.
 

 The assignment of these three bonds and mortgages cannot be sustained, as a part execution of the usurious contract. It was not made and delivered as a payment of a previous usurious debt; but it was given in payment, or as a security for the payment, of a loan of money, made at the same time, under an agreement tainted with usury. On the 10th of July 1837, when the usurious agreement was carried into effect, Schroeppel was acting under the pressure of the same necessity which compelled him to sign- the memorandum of the agreement on the 26th of June 1837. (Story’s Eq. Juris. §§ 302, 345.) On this argument, we must regard it as conceded, that the assignment of the three bonds and mortgages was exacted as a condition of the loan; and being so, the statutes of usury expressly avoid it. They make void all bonds, conveyances, &c., and all other contracts or securities, whereby there shall be reserved or taken, or secured, or agreed to be reserved or taken, any greater sum or value than seven per cent, for the loan of money, (1 R S. 772, § 5; Act of 1837, c. 430.)
 

 
 *110
 
 The principal question on this appeal is, whether the action of the plaintiffs is barred by the statute of limitations. It is insisted on the part of the defendant, that the assignment of the three bonds and mortgages was delivered and received in payment of the usurious loan, and that the action to recover the usurious excess of money or value, then accrued. It is also insisted, that this action is in affirmance of the contract, and admits its validity; and being so, that the plaintiffs are estopped from denying that the assignment conveyed to the defendant the title to the three mortgages. And it is also contended, that the pendency of the action of trover is a bar to this action.
 

 I agree with Chief Justice Beardsley, that the taking and receiving, by the defendant, of the three bonds and mortgages, under the assignment of Schroeppel, was a ^ 1 1 -. wrongful taking, *and in itself a conversion. -* (5 Denio 240.) The act of receiving the bonds and mortgages, being in violation of the statutes of usury, was an illegal act; and, if illegal, it" was necessarily wrongful. The'defendant received the mortgages as owner; a.nd he assumed a dominion over them, in exclusion of the right of Schroeppel. The manual delivery by Schroeppel, did not make the possession of the defendant rightful; it was not a voluntary delivery; and, as such, is regarded "in law as the result of moral compulsion. A borrower, on usurious terms, is not a free agent; he is considered the slave of the lender; he is compelled to submit to the terms which oppression and his necessities impose upon him. (1 Story’s Eq. Juris. § 302; 20 Johns. 293; 5 Denio 240; 2 Brod. & Bing. 2; 7 Bing. 97; 2 Adol. & Ellis 12; 1 Hill 314.) Where a purchaser under a contract of sale, fraudulently obtains the possession of goods, by a voluntary delivery of the seller, his receipt of the goods is deemed in law a tortious taking; and trover lies for the goods, without a previous demand. (1 Hill 313-14; 22 Pick. 18, 20; 5
 
 *111
 
 Id. 197.) A delivery of property by the owner, to make the possession of the deliveree rightful, must be, “unclouded by fraud or duress.” (1 Hill 314.) If the taking and receipt of the three mortgages by the defendant was a wrongful taking, and in itself a conversion, the right of action to sue in trespass or trover, for such taking, accrued on the day the securities came to the defendant’s hands; and, consequently, the action of trover commenced by Schroeppel in 1844, is barred.
 

 It does not necessarily follow, because the action of trover is barred by the statute of limitations, that the present action to recover from the defendant the usurious interest paid to him by Schroeppel, is also barred. The two actions depend upon different principles, and did not necessarily accrue at the same time. The action of trover accrued, when the mortgages were tortiously taken by the defendant; the present action, being an action of
 
 assumpsit,
 
 accrued when the usurious interest Was actually received by the defendant. The former action may be barred, while the latter may remain in full force.
 

 * Where goods, tortiously taken, are sold by the tort-feasor, it is well settled, that the owner "L of the goods has an election of remedies; he may either bring trover or trespass for the original taking, or waive the tort and bring an action for money had and received, to recover the proceeds. (1 Hill 240, and note;
 
 Lamb
 
 v.
 
 Clark,
 
 5 Pick. 197;
 
 Jones
 
 v.
 
 Hoar,
 
 5 Id. 285, and note; 4 Barb. 42.) When the owner waives the tort and brings
 
 assumpsit,
 
 the tort-feasor cannot allege his own wrong, for the purpose of carrying back the injury to the time of the original taking, in order to let in the statute of limitations. (5 Pick. 197.) In the action of
 
 assumpsit,
 
 the owner can recover, if the money on the sale was received by the defendant within six years, although an an action for the original taking is barred by the statute. The owner has a right to consider the defendant
 
 *112
 
 as his agent or trustee, and to compel him to pay over the money when received by him. When the tort is waived and
 
 assumpsit
 
 is brought, the receipt of the money on the sale of the goods gives the cause of action, and not the original tortious taking.
 
 (Lamb
 
 v.
 
 Clark,
 
 5 Pick. 197-98;
 
 Hughes
 
 v.
 
 Thomas,
 
 13 East 478, 480, 481, 486;
 
 Hambly
 
 v.
 
 Trott,
 
 1 Cowp. 376-77, per Lord Mansfield.) The plaintiff who waives the tort and brings
 
 assumpsit,
 
 does not affirm the tortious act, but merely waives his claim to damages for a wrong, and seeks to recover only the proceeds of the sale.
 
 (Young
 
 v.
 
 Marshall,
 
 8 Bing. 43, Bosanquet, J.)
 

 Upon this principle, that of waiving the tort and suing for money had and received, I am inclined to believe, that the plaintiffs can--recover all the moneys received by the defendant, within six years, on the three mortgages assigned to him by Schroeppel, without being restricted to the amount of the usurious excess. It will be remembered, that the assignment of these mortgages was absolutely void, under the statute of usury, ana passed no title whatever to the defendant; this was so held by all the justices of the supreme court, in 5 Denio 240, 247. The assignment being absolutely void, cannot be regarded as a part payment of the usurious loan; in * 113 I case> right of recovery would be *limited to the usurious excess. In
 
 Hargreaves
 
 v.
 
 Hutchinson
 
 (2 Ad.
 
 &
 
 E. 12), and in
 
 Tregoning
 
 v.
 
 Attenborough
 
 (7 Bing. 97), the sales of the malt and silks were held to be neither payment, nor security for the payment, of the usurious loan. And in both these cases, the entire value of the goods was recovered in trover, from the lender, without any deduction on account of the sum actually loaned and legal interest.
 

 If, in this case, there had been a previously-existing usurious debt, and the three mortgages had been voluntarily assigned by Schroeppel, as payment, when he was not acting under the pressure of the original necessity,
 
 *113
 
 which. compelled him to submit to the oppressive terms of the lender, the assignment would have been a valid payment, to the extent of the sum actually advanced, and legal interest, and only the usurious excess could have been reclaimed. (1 Johns. Cas. 158; 7 Paige 639; 1 Story’s Eq. Jur. § 345; 2 Hill 524.)
 

 The statute remedy for the recovery .of the usurious excess, applies only when the lender takes and receives from the borrower money, goods or things in action which are a valid payment of the principal actually lent and legal interest, and which, to that extent, cannot be reclaimed by the borrower; as, when he voluntarily pays a pre-existing usurious debt. In such case, the only remedy of the borrower is to sue for, and recover back the sum or value paid above principal and legal interest. But when the value of goods or things in action taken and received by the lender, may be recovered by the borrower, on the ground that the acquisition by the lender was illegal and tortious, the statute remedy has no application. In such case, the borrower has a better remedy, in trespass or trover, for the whole value of the property, or in
 
 assumpsit
 
 for the proceeds.
 

 The plaintiffs, in their complaint, limit their claim to the excess received by the defendant above the sum actually lent, and the value of the real estate conveyed, with legal interest. The principal question in the cause is, whether the action to recover this excess is barred by the statute of limitations. If the right of action accrued, when the mortgages were assigned, the action *is „ ^ barred; if it accrued, when the moneys due on the mortgages were received by the defendant, the action is not barred. I have already expressed the opinion, that the right of action in this suit did not accrue, until the moneys due on the mortgages were received by the defendant. As the assignment of the mortgages, being absolutely void, passed no title to the defendant, the plaintiffs have the right to waive the tort of the illegal
 
 *114
 
 taking, and to consider the defendant as holding the mortgages as the mere agent or trustee of Schroeppel, and to compel him, by an action for money had and received, to pay over the moneys due on the mortgages, when received.
 

 The neglect of Schroeppel to appear in the suit on his bond and set up the defence of usury, estops the plaintiffs from denying that the amount recovered in that suit was justly and legally due to the defendant. (3 Johns. Ch. 395; 9 Paige 395.) The amount paid upon the judgment may be regarded as paid on account of the principal actually lent and legal interest; the moneys first paid by a borrower are applicable to such payment. (7 Met. 525.)
 

 A borrower may, in his action, limit his claim to the usurious excess received by the lender. The plaintiffs, by so limiting their claim in this suit, do not affirm the usurious contract, and admit that the assignment of the three mortgages passed the title to the defendant. The action is founded on the assumption of the usurious character of the agreement, and of its original invalidity; and the whole right to recover rests on this basis. Where a party waives a tort and brings
 
 assumpsit,
 
 he does not affirm the tortious act, but merely waives his claim to damages for a wrong. (8 Bing. 43, Bosanquet, J.) The claim of the borrower is limited to the usurious excess, where he is precluded from a more extensive recovery, by means of a voluntary payment of a previous usurious debt, or where he, being willing- to do equity, voluntarily, in his complaint, limits himself to such excess. A waiver, by the borrower, of his claim to such portion of the proceeds of property delivered to the
 
 '
 
 n lender under a usurious *agreement, as is neces- -* sary to repay principal and legal interest, does not deprive him of his right to claim the usurious excess.
 

 ' In this case, even if the assignment of the three mortgages is regarded as payment, it can only be so, to the
 
 *115
 
 extent of the principal and legal interest; and to that extent only, can the assignment be considered as passing an interest to the defendant; as to the usurious excess, the assignment is void; for the payment of usury is void. As to such excess, the defendant may be considered the trustee of Schroeppel; and, as such, obligated to pay to him all the moneys received, over and above the amount of the principal and legal interest.
 

 The plaintiffs in their suit had an election of remedies : 1. They could have sued in trespass or trover, and recovered the entire value of the mortgages assigned to the defendant: or, 2. They could have waived the tort of the illegal taking, and recovered, in an action for money had and received, all the moneys received on the mortgages by the defendant, or any sum less than the whole amount to which they chose to limit their claim: or, 3. They might have assumed that the assignment, or the moneys received on the mortgages, were a valid payment to the extent of the principal actually lent, and legal interest, and have brought an action founded on the statute, or an action of
 
 assumpsit
 
 at common law, to recover the usurious excess.
 

 A large portion of the moneys due on the three mortgages was received by the defendant, within six years next preceding the commencement of this suit. The action of the plaintiffs is not, therefore, barred by the statute of limitations. The remedy given by statute for the recovery of usurious interest paid to the lender, is merely cumulative. The statute, in providing this remedy, does not take away the common-law remedy of
 
 assumpsit
 
 for money had and received. (20 Johns. 292-3.) Whenever, in violation of laws made to protect the ignorant, unwary or necessitous, money is obtained from a party, by imposition, extortion or oppression, or by taking an undue advantage of his situation, he may, at common law, recover it back in an action for money had
 
 *116
 
 and received. (2 Burr. 1011-12; *20 Johns. -* 293; 2 Cowen 793;
 
 Smith
 
 v.
 
 Bromley,
 
 2 Doug. 696, note; 1 Story’s Eq. Jur. § 302; 11 Mass. 376.) Statutes of usury are made to protect needy and necessitous persons from the oppression of usurers. The borrower does not stand
 
 in pari delicto
 
 with the lender; hence, he may, at common law, recover back the usurious excess, in an action for money had and received.
 

 The pendency of the action of trover commenced by Schroeppel, in 1844, is no bar to this action. Where an action of trespass or trover,"for the tortious taking or conversion of personal property, is brought and tried on the merits of the plaintiff’s claim, and a verdict and judgment is rendered for or against him, such verdict and judgment is, undoubtedly, a bar to a subsequent action of
 
 assumpsit
 
 for a sale and delivery of the same property to the defendant, or for the proceeds of a salo of it by the defendant.
 
 (Rice
 
 v.
 
 King,
 
 7 Johns. 20.) To render a verdict and judgment a bar 'to a subsequent action, both suits must be for the same cause of action, and the former action must have been tried on the merits of the plaintiff’s claim; the cause of action is the same, where the same evidence will support both actions.
 

 In the action of trover for the three mortgages, com: menced by Schroeppel, the recovery was limited, on the trial, to two of the mortgages; and on the decision of the motion for a new trial, the only questions on which the case turned, were in relation to the time when the cause of action accrued, in reference to the defence of the statute of limitations, and. whether the declaration was in due form. The majority of the court decided, that the cause of action accrued, at the time of the assignment and delivery of the mortgages to the defendant, and that,-therefore, the action was barred. If the de: termination of the action of trover must depend on the question whether the statute of limitations is a bar, the verdict and judgment in that action ought not to be a
 
 *117
 
 [ * 117 bar to this action; for we have seen, that the cause of action in this suit, accrued at the time the moneys due on the mortgages were received, and not at the time the mortgages *were assigned and delivered. While, therefore, the statute is a bar to the action of trover, it is no bar to this action. The statute of limitations only takes away the "remedy, it does not destroy the debt. (4 Barb. 174; 5 Burr". 2630; 2 Barn.
 
 &
 
 Adol. 413.)
 

 It cannot, therefore, be said, that these two actions are founded on the same cause of action, nor that the same evidence will support both actions. In one sense, these actions are founded on the same cause of action; the action of trover is brought to recover the value of the three mortgages, and this action is brought to recover a portion of the moneys paid on the mortgages, to the extent of the usurious interest received by the defendant. But as I have come to the conclusion, that the action of trover is barred by the statute of limitations, and, therefore, for that reason, no recovery can be had, in that action, against the defendant, and no trial can.be had therein, on the merits of the plaintiff’s claim, the pendency of that action ought not to be allowed to be a bar to this action. This point failed to attract the attention of either the justice who tried the cause, or of the supreme court who reviewed his rulings at the circuit. No demand of the moneys received by the defendant was necessary, before the commencement of this suit;. suits may be brought against agents and trustees for moneys in their hands, without any previous demand. (5 Hill 397.)
 

 The conclusion at which I have arrived is, that the cause of action in this suit, accrued at the times the moneys due on the mortgages assigned were respectively received by the defendant, and that, therefore, the action is not barred by the statute of limitations; and that the plaintiffs have a right to recover the moneys so received by the defendant, within six years next prior to the corn
 
 *118
 
 mencement of the suit, to the extent of the excess above the amount of the loan of $7500, and the actual value of the land, and lawful interest on the same.