THE BANK OF AUBURN, RESPONDENT, v. LEWIS PUTNAM,
PRESIDENT, &c., IMPLEADED, &c., APPELLANT.

*Negotiable Paper—Endorsement by Agent—What defence precluded.*

Where the agents of the Defendants had been accustomed to endorse paper
in the name of the Defendants, and to get the same discounted for their benefit,
and had endorsed in their names, and procured to be discounted, the note in
question, the Defendants will be precluded from setting up that such note be-
ing accommodation paper, their agent was not authorized to endorse the same.
The Plaintiffs had a right to presume that it was regular business paper.

PARKER, J.—It is found as a fact in this case that Bliss, who
endorsed the note in question in the name of the Defendants as
their agent, had frequently before endorsed their business paper
in the same manner, and procured it to be discounted by the Plain-
tiff, which endorsements had been recognized by the Defendants.
It is also found that this note was discounted for the Defendants,
upon their application, through their secretary, and the avails paid
over to him, which the Defendants had and used in their business
as commission dealers, in buying grain for the market, and that
the Plaintiff had no notice that the note was accommodation
paper.

Now, whether Bliss, the agent, had authority from the Defend-
ants to endorse accommodation paper in their name, or whether this
note was in fact endorsed for the accommodation of the maker or
not, is quite immaterial; for the Plaintiff had the right to pre-
sume from the facts found, as above stated, that it was business
paper such as it had been in the habit of discounting for the
Defendants; and the Defendants are precluded from denying
that it was such business paper (Bank of Genesee v. Patchin
Bank, 3 Kern. 314; S. C., 19 N. Y. R. 312; Farmers' Bank v.
Butchers' and Drovers' Bank, 16 N. Y. R. 125).

The notice of protest was sent to Bliss, the agent, and received
by him. This, I think, was sufficient. In the first place, Bliss
was the agent to endorse this paper for the Defendants. In Firth
v. Thrush (8 Barn. & Cress. 387), Lord Tenterdon expressed the

opinion that authority to endorse negotiable paper carried with it authority to receive notice of its dishonor. But it is not now necessary to examine that question, for here the agent was authorized, not only to endorse this paper, but, as appears from the findings, we must conclude was the general agent of the Defendants to endorse and attend to such paper for them. There is a distinct finding of fact that he was their agent for what is not stated, but manifestly not merely to endorse their paper.

There is no evidence from which we may infer that a general agency was meant. Now, if he was the general agent of this joint-stock company, in reference to the endorsing and taking care of their business paper, no doubt notice to him of the dishonor of this note was notice to the Defendants (sec. 1, Parsons on Notes and Bills, 499, and cases there cited; also id. 502–3).

But for another reason that must be deemed the law of this case. There is in the findings by the judge before whom the cause was tried the following conclusion of law:—" The objection, that the notice of non-payment was not properly served on the Defendants, because sent to the agent Bliss, is not good. It was the proper way to serve the notice, especially if Bliss was agent of the company, and authorized to endorse." To this there is no exception, and, consequently, it is not open to review (Code, § 268; Magic v. Baker, 14 N. Y. R. 435; Weed v. The New York and Harlem Railroad Company, 29 N. Y. R. 616).

The judgment should therefore be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.
