Grover, J.
The appellant, who only defends the action personally, indorsed the note as follows: “ Brander & Hubbard, old firm in liquidation.” The firm of Brander & Hubbard had been engaged largely in commercial business in New Orleans prior to July, 1860, at which time they discontinued business, except settling and closing up its affairs, and were succeeded in the commercial business by a new firm under the same name, of which the defendant, Hubbard, was a member. Although the former firm is said to have been dissolved in July, 1860, yet the case shows that it was continued so far as necessary for the adjustment and liquidation of its affairs. To what extent this would authorize one of the former partners to bind the firm in these transactions is a question not arising in the case, as Hubbard, who indorsed the firm name, is the only party who defends the action. It is insisted by the counsel for the appellant that the form of the indorsement shows that it was made for the mere purpose of transferring title, and that it precludes the idea of assuming liability as indorser upon the paper. This position cannot be sustained. The extrinsic *470 facts show that the reason why the addition of the words “ old firm in liquidation” was made to the indorsement, was to show that it was made on account of that firm, and not of the one then carrying on business under the same name. To relieve one who indorses paper from liability as such, he must insert in the contract itself words clearly expressing such an intention. (2 Parsons on Bills, 21.)
The defence principally relied on is that there was not a proper demand and notice to charge the defendant as indorser. There was no conflict in the evidence upon these questions. The defendant gave no evidence in relation thereto. The question is whether the plaintiff gave sufficient competent evidence to prove these facts prima facie upon the trial. If he did, the direction of a verdict for the plaintiff nmst be sustained. If sufficient competent evidence to prove these facts was given, the defendant could not have been prejudiced by any erroneous rulings, by which incompetent evidence tending to prove them was admitted, as none of the evidence was submitted to the jury. The plaintiff introduced the depositions of Gruyol and Camus, taken upon a commission issued in the cause, each of whom testified in substance that the note was presented at the place and time therein specified, and payment demanded by W. G. Latham, which was refused, and that notice of the demand, non-payment and protest was at the proper time served upon G. Burke, agent of the liquidation. The counsel for the appellant insists that this testimony is not sufficient to prove these facts, for the reasons, first, that it was not responsive to any interrogatory; and, second, that it appears that in so testifying the witnesses were not speaking of facts within their own knowledge, but from hearsay from Latham. The testimony as to the service of notice was directly responsive to the twelfth interrogatory, and I think that, as to the demand, may fairly be " regarded as responsive to the truth. This and other interrogatories were framed for the examination of Guyol, Latham ' and Camus, and were to be propounded to each; hence the language may be regarded as calling for the knowledge of *471 each as to the presentment and demand and refusal to pay the note. But be this as it may, testimony, otherwise competent, taken upon commission, is not to be rejected because not responsive to the interrogatory, any more than that given upon an oral examination upon trial, because not responsive to the question. The reason suggested why the former should be rejected was that the party against whom it is produced has had no notice, and, therefore, no opportunity for cross-examination in regard to it. The answer to this is that the evidence is returned and filed with the clerk, and full opportunity of examination given to such party before the introduction of the deposition upon trial. If upon such examination the party finds a further cross-examination of the witness necessary, he should proceed to obtain it, instead of seeking to suppress it upon the trial, by which his adversary might be greatly prejudiced. The case shows that Guyol was a notary public, and that Latham, pursuant to the laws of Louisiana, was his deputy. That Camus was a clerk in the office. The counsel, therefore, insists that it is highly improbable that they should have been present when these acts were done by Latham. This may be so, but where a witness testifies positively to facts which may be within his personal knowledge, and the opposite party makes no inquiry to ascertain whether so or not, the court must assume that the witness speaks from personal knowledge. The counsel for the appellant considers this to be so as to oral examinations upon trial. It is equally so as to testimony taken upon commission, as to which we have seen the party may cross-examine if he will.
It is further urged that service of notice upon Burke was not sufficient. It was proved by Mathews that Burke acted as the agent of the firm, in the liquidation of its affairs, at the office of the firm in New Orleans in 1860 and 1861. That he so acted with the knowlege of the defendant Hubbard. That he continued so to act in 1862, when the notice was served, will be presumed in the absence of proof to the contrary. He was the general agent for liquidating the affairs of the firm. *472 The notice related to those affairs. Service upon him was, therefore, good service upon Hubbard. (1 Parsons on Notes and Bills, 499; Bank of Auburn v. Putnam, 3 Keyes, 343.) The judgment appealed from must be affirmed, with costs. All concur.
Judgment affirmed.