## Case No. 14,169.

### Ex parte TREMONT NAT. BANK.

### In re GEORGE et al.

[2 Lowell, 409;[1] 16 N. B. R. 397; 25 Pittsb. Leg. J. 84.]

District Court, D. Massachusetts. July, 1875.

BANKRUPTCY—BANKRUPT INDORSER—WAIVER OF DEMAND AND NOTICE.

1. The bankrupt is the trustee of his estate until the assignee is appointed.

2. A bankrupt indorser may waive demand and notice upon a note maturing before the choice of an assignee.

[Cited in House v. Vinton Nat. Bank, 43 Ohio St. 354, 1 N. E. 129.]

3. Semble, that a bankrupt may sue for a claim before the appointment of an assignee, if immediate action is necessary; and a plea of the plaintiff's bankruptcy is not a bar to an action, if an assignee has not been appointed.

The Tremont National Bank held certain promissory notes of third persons, indorsed by the bankrupts [George & Battey], which fell due after the adjudication of bankruptcy and before the appointment of the assignee. During this period, and before the maturity of the several notes, the bankrupts, at the request of the bank through its attorney,

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

signed a waiver of demand and notice, which accordingly were not duly made. Upon an offer by the bank to prove against the assets for the amount of the notes, the assignee objected, and the case was submitted to the court upon a written agreement of the facts above stated.

F. V. Balch, for creditor.
W. A. Field, for assignee.

LOWELL, District Judge. It was decided by Lord Eldon in 1812, that when a bill is dishonored after the bankruptcy of the drawer, a notice to him is a sufficient and proper notice if his assignee has not been appointed. "The bankrupt," says the learned judge, "represents his estate until assignees are chosen." Ex parte Moline, 19 Ves. 216. This statement of the law has been copied into the text-books, and was the guide, most probably, of the action of the bank in this case. Story, Bills, § 305; Byles, Bills, 228. See Ex parte Johnson, 3 Deac. & C. 433. Mr. Robson says, notice should be given to the trustee (assignee), or if none has been appointed, it would seem the notice should be to the registrar as official trustee. Robs. Bankr. 178. By our law the register is not official assignee, but the bankrupt remains, as in Lord Eldon's time, the trustee of his estate until the assignee is appointed.

Granting that notice is necessary, which is certainly the better opinion upon authority, the bankrupt is the only person who can be notified. If immediate action is necessary against the promisor or acceptor to save a probable loss, the bankrupt, on application to the court, would be permitted to prosecute. Indeed, though the bankrupt's debtors cannot safely pay him their debts after the proceedings are begun, yet I have very little doubt that he may, even without leave of court, begin any suits that are necessary to save the statute of limitations, or are otherwise of immediate urgency. It has always been one of the anomalies of the bankrupt law [of 1867 (14 Stat. 517)], but probably a necessary one, that a plea of the plaintiff's bankruptcy is not a bar to an action unless an assignee has been appointed, and not always then, unless the assignee has forbidden the prosecution of the suit, though a plea of payment to the bankrupt might be bad if the assignee should intervene. In other words, a bankrupt may sue, though he cannot, without suit, receive payment.

The creditor in this case cited the statement of a text writer, that the person on whom a demand should be made may waive it. No case was cited, but I think one is hardly necessary. Taking the meaning to be that the person referred to is one to whom notice is to be given as a party interested, or a general agent of such an one, and not a mere messenger or conduit, the remark is undoubtedly sound.

It was argued that though the bankrupt is the person to be notified as indorser of the dishonor of a note by the maker, and as such may waive the notice, yet he cannot dispense with the demand on the maker. This argument runs counter, I think, to the usual commercial practice and understanding. A waiver of demand and notice is very common, but a mere waiver of notice much less so. The purpose and meaning of the waiver commonly is, that the parties are well aware of the standing and situation of the promisor, and consider a formal demand and notice unnecessary for some reason or other. If the bankrupt has power to protect his estate, he has power to waive forms, and to undertake whatever action may be necessary as if such forms had been complied with. The same argument which establishes his right to require notice proves that he may waive the demand and take notice at his peril.

I am not sure that one of these notes may not have matured after the assignee was appointed; nor, if it did, whether there was any reason to hold that the assignee should have been notified, or asked to waive notice. Reserving any question that may arise on such a note, I admit the debt to proof. Proof admitted.