THE PEOPLE OF THE STATE OF NEW YORK ex rel.
JOHN CASHMAN, Appellant, v. THOMAS P. HEDDON,
ELI TAYLOR and JOHN B. CROSBY, Referees, etc.,
Respondents.

*Laying out a private road — appeal from the decision of the commissioners of highways — presumption in favor of regularity — upon the hearing of a certiorari the record only can be considered — power of the referees appointed by the county judge on such an appeal, to consider the damages of the landowner.*

Upon the hearing of a *certiorari* to review the decision of referees appointed to hear and decide an appeal from the determination of the trustees of the village of Batavia, acting as commissioners of highways, in laying out a private road, it was claimed that the record did not show that the necessity for laying out the road had been determined by a jury of freeholders.

*Held,* that as the record did not show that this had not been done it was to be presumed, from the fact that the trustees had determined that the road should be laid out, that all the preliminary essential requirements had been complied with.

That even if this were not so, yet as the referees could only inquire into the "fitness or unfitness" of laying out the road, the question as to whether or not the trustees had acted without authority, or had exceeded their jurisdiction, was not a subject to be considered by them.

No questions can be considered by the court, upon the hearing of a *certiorari,* to review the decision of such referees, except such as are presented by the writ and the return, and the papers upon which the writ was granted. The opinion of the referees is no part of the record and their decision cannot be reversed because of errors appearing in such opinion.

*Quære,* as to whether upon such an appeal from a determination of the commissioners of highways the referees can pass upon the amount of compensation to be allowed to the landowner.

CERTIORARI to review the decision of referees appointed by the county judge of Genesee county to hear and determine the appeal brought by the relator from the determination of the trustees of the village of Batavia, as commissioners of highways, laying out a private road across lands of the relator for the use and benefit of Patrick Burke.

*George Bowen,* for the relator.

*M. H. Peck, Jr.,* for the respondents.

SMITH, P. J. :

For the relator it is contended that the record does not show that the necessity of the private road in question has been determined by a jury of freeholders, and that laying the road through the orchard of the relator, and taking a portion of the orchard without his consent, was erroneous.

It is a sufficient answer to the first point to say that the record does not show that the necessity of the road has not been determined by a jury of freeholders, and that it is to be presumed, from the fact that the trustees acting as commissioners determined that the road should be laid out, that all the preliminary requirements of the statute essential to the validity of their action had been complied with. Besides the record shows that the proceedings of the jury and the notice of appeal were put in evidence before the referees for the purpose of showing that such proceedings were had in respect to the road in question, and the testimony of several of the witnesses examined before the referees shows that a jury was called in reference to the said road. And we conceive it to be a perfect answer to both branches of the relator's contention that the referees could only inquire into the "fitness or unfitness" of laying out the road, and their proceedings in respect to that question are all that can now be reviewed. Upon the assumption that the road was shown to be necessary the referees had nothing to do but to affirm the order of the trustees. The question whether the trustees had proceeded without authority of law, or had exceeded their jurisdiction, was not before the referees, and any decision they might have made of those questions would not have validated or invalidated the action of the trustees. If the trustees acted without jurisdiction any order made by them was a nullity affecting no rights and could be reviewed by common-law *certiorari* and vacated. These views are sustained, we think, by the case of *People ex rel. Hubbard* v. *Harris* (63 N. Y., 391) and the authorities cited by EARL, J. (p. 394).

Upon the merits the testimony before the referees warrants their conclusion, that the road is necessary to give Burke access from his residence to a public highway, and their decision on that point is conclusive. (1 R. S., 519, § 89 ; Laws 1847, chap. 455, § 8.)

It is urged by the relator's counsel that the referees erred in deciding that they had no power to pass upon the question of com-

pensation to the owner of the land. There is nothing in the record showing that they declined to pass upon that question. The case is to be heard on the writ and the return and the papers on which the writ was granted. (Code of Civil Pro., § 2138.) The opinion of the referees, although very properly printed in order to give the appellate court the benefit of the reasons assigned for the judgment, is no part of the record. (*Magie* v. *Baker*, 14 N. Y., 435, per COMSTOCK, J., 438.) An alleged error, which appears only in the opinion of the court below and not in the record, is not ground of reversal. (*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y., 521.)

There is much reason too for saying that the referees have nothing to do with the question of damages, except so far as to inquire whether the benefit would equal the expense, and thus consider the question in its bearing upon the necessity of the proposed road. That was the view taken of the question in the case of the *Commissioners, etc.*, v. *Meserole* (10 Wend., 123), which arose under a special act (Laws 1830, chap. 56), the provisions of which in respect to the powers of commissioners and the reviewing of their orders on appeal were the same, in substance, as those contained in the general road act. But without passing upon that question it is enough to say that the return does not show that the referees ruled that they had not power to consider the subject of damages.

The order of the referees should be affirmed, with costs, which we fix at fifty dollars.

HARDIN and BARKER, JJ., concurred.

So ordered.