Johnson, J.,
dissenting. This action below was a special statutory proceeding under section 6352 of the Revised Statutes, which provides a method of proving rejected claims against an insolvent’s estate. "While the maker of the note and Aleshire, as indorser, were parties, they were only nominally so. No relief was sought or taken against either. The judgment was not for money, even against the assignee, but was that the assignee “ allow said claim on the settlement of his trust.” The case does not involve the personal liability of Aleshire.
The sole question, therefore, is: When the accommodation indorser of a note which is outstanding in the hands of a bona fide holder, makes an assignment under the insolvent laws of this state and his assignee, chosen by himself, has been qualified and is in the discharge of his duties as such, before the maturity of the note, is notice of dishonor given to the assignee sufficient to charge the note as a legal claim against the estate in his hands, and to entitle the holder to a judgment allowing such claim against such estate ?
It is a mistake to say that in all cases it must be a valid claim against the assignor. The statute, section 6354? says: “ Every person presenting and filing a claim against *356 the estate of the debtor” shall verify the same, etc. It does not say a claim against the debtor.
In Lindemann v. Ingham, 36 Ohio St. 1, it was held that a mortgagor in possession of personal property may, by a general assignment, vest the same in his assignee as against the mortgagee who was entitled to the possession, and that the latter must proceed against the funds in the hands of the assignee.
This case establishes the authority of an assignee over property of the assignor covered by mortgages or other liens, although the assignor may not be the debtor, nor the lienholder a creditor of the assignor. The assumption, therefore, that to enable a party to prove a claim against the estate in the hands of the assignee he must be a creditor of the assignor, is erroneous. The mortgage or other lien may be to secure the debt of some prior owner of the property which by the assignment passes to the assignee subject to such incumbrance. In such a case it is the duty of the assignee to sell the property without regard to the wishes of the mortgagee or lienholders, and the latter is a creditor of the estate, but not of the assignor. Their interest is transferred to the fund arising from the sale, and they have a claim against the estate, though not as creditor of the assignor.
Returning now to the question of notice. . This is a vexed question, in the solution of which the text-books furnish us little aid. The undertaking of an indorser is collateral and conditional. If he is not duly notified of the non-payment of the note, and there is no valid excuse for such want of notice, he is discharged. The object of this notice is to put him on the alert, to enable him to look to the prior pai’ties on the note to save himself from such liability. This is the assignee’s duty, and therefore he should be notified. The question here is, in case the indorser has assigned all his property that is subject to execution, to his chosen assignee, whether the notice to such assignee is sufficient to charge the estate in his hands.
In Parsons on Notes and Bills; 499, 500, it is said: “ If a person entitled to notice be bankrupt, notice should be *357 given to him if his assignee is not yet appointed.” This is a strong implication that if he has been appointed notice to him would be sufficient. He leaves the question in doubt, however, by saying the safest course is to give notice to both, but he adds that: “ If the insolvent has absconded, notice should be given to the assignees, and if they are not appointed, a delay until an appointment is made would-not discharge any one, and although notice may be given to any one holding or representing the estate, we should think it better to notify the assignees when appointed.”
Story on Bills, sections 305 and 389, says: “If the party entitled to notice has become bankrupt and assignees have been chosen or appointed, notice to the assignees is proper, and will be sufficient.”
Chitty on Bills, 228, says: “ If the party entitled to notice be a bankrupt, notice should be given to him before the choice of assignees, and after such choice, to them.”
Byles on Bills, *289, leaves the matter in doubt by saying : “ If the assignees are appointed, perhaps notice should be given to them.”
Daniels’ Negotiable Instruments, section 1002, says it is best to give notice to both, but if no assignee is appointed, notice to the bankrupt is sufficient, and perhaps it might be sufficient if one had been appointed.
In Ex parte Tremont National Bank, 2 Low. Dec. 409, the question arose as to the power of a bankrupt after adjudication and before the appointment of the assignee to waive demand and notice on commercial papér. It was there held, upon the authority of Lord Elden, 19 Yesey, 261, that until an assignee was appointed, the bankrupt is the trustee of his estate, and Judge Lowell quotes from Robson on Bankruptcy, 178, that notice should be given to the-trustee or assignee.
This precise question arose and was determined by the court of appeals of Kentucky, in Callahan v. The Bank of Kentucky, 6 Ken. Law Rep. 188. All the authorities are there reviewed, and it was held that notice to the assignee was sufficient. It was said in that ease, as it can be here, *358 that where the insolvent chooses his own assignee, the latter is charged with the duty of acting as his trustee or agent to settle up the estate, and being thus clothed with full power to act as his general representative, notice given to him is notice given to his general agent, and is valid as to the principal. This case is an exhaustive examination of the point here involved, and should have great weight, especially as no case can be found to the contrary. In view of the importance of an uniform rule of commercial law, and of the high character of the court of appeals of Kentucky, this case is entitled to respect. To this proposition all the authorities agree. Dan. Neg. Ins., sec. 2998; 1 Par. N. & B. 499; Fassin v. Hubbard, 55 N. Y. 465; Wilkins v. Commercial Bank, 6 How. (Miss.) 217; Bank of Auburn v. Putnam, 3 Keyes, 343.
The majority opinion concedes that if House was the general agent of Aleshire, then notice to him was sufficient^ but it is said he was only a special agent. A general agent is one authorized to take charge of a particular line of business. A man may have several general agents, as, for instance, if he is a manufacturer, he may have a general agent for selling, another for buying, and another for running his mills, and still another to manage his financial affairs, while a “special agent is one authorized to do a particular insulated act.” Wharton on Agency, sections 117, 118. In Fassin v. Hubbard, 55 N. Y. 465, one Burke was appointed the agent of a firm in liquidation to wind up its affairs. This agent was notified of the dishonor of commercial paper of which they were indorsers. The court held notice to him as such agent was sufficient to charge them, and add: “ He was the general agent for liquidating the affairs of the firm, and the notice related to those affairs.”
In Bank of Auburn v. Putnam, supra, it was held, notice to a general agent was notice to the indorser, whose agent he was.
An examination of our statute relating to insolvent debtors demonstrates that the assignee is the trustee or general agent of the assignor, fully authorized to represent him in *359 every matter pertaining to the settlement of the estate, and by all the authorities, as well as upon principle, notice to such trustee or agent is notice to the principal. In the case at bar it was the duty of House, as assignee, to take any steps that were necessary to secure the payment of this note by the makers, and thus protect his assignor’s estate from liability. It is doubtful if the assignor could do this in his own name, but if he could, whatever he realized in money or securities from the makers could only be paid on this claim through his assignee.
The opinion seems to concede, that in case of a bankrupt, notice to his assignee is sufficient, but it is said, this rule should not apply to the assignee of an insolvent, because he is not discharged from the debts, while he is discharged if a bankrupt. No reason exists for a different rule in the two cases.
If any such reason can be found, it is strongest in favor of notice to the assignee of the insolvent, as the assignee is his chosen agent or trustee to wind up his business, while the assignee in bankruptcy is not so chosen, and he is the agent of the law.
The conclusion reached is, the judgment of the court of common pleas that notice to the assignee is sufficient to charge the estate in his hands, should be affirmed.
Owen, J., concurred in the dissenting opinion.