LUTHER SHUTE, Respondent, *v.* FREDERICK W. JONES, Appellant.

*Promissory note — prima facie evidence of indebtedness — burden of proof — reversal upon questions of fact — the referee's opinion is no part of the case on appeal.*

An ordinary negotiable promissory note, payable to the order of the plaintiff in an action brought thereon and presented by him upon the trial, when its execution is properly proved, is on its face *prima facie* evidence of the indebtedness of the maker thereof to the plaintiff for the amount of the same, with lawful interest, and to overcome such legal presumption the burden of proof is cast upon the defendant. Such *prima facie* case may be overcome by a preponderance of proof on the part of the defendant; and in actions on notes, as in all other cases, the plaintiff holds the affirmative of the proposition which he asserts, and must establish it by a preponderance of proof before he can recover.

Although an appellate court may review and reverse the decision of a referee upon questions of fact, it is only authorized to do so in the case of disputed facts where there is a clear and manifest preponderance of evidence against the finding of the referee.

The opinion of a referee before whom an action was tried does not constitute a part of his report from which an appeal can be taken, and the fact that erroneous expressions and conclusions are contained in such opinion furnishes no ground for a reversal of the judgment rendered in the action.

APPEAL by the defendant, Frederick W. Jones, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 11th day of September, 1893, upon the report of a referee.

*Henry Van Hoesen* and *J. Rider Cady*, for the appellant.

*L. F. Longley*, for the respondent.

MAYHAM, P. J.:

This action was brought upon a note alleged to have been given to the plaintiff for $2,000, and also upon an account claimed to be due the plaintiff from the defendant.

The answer admits the execution and delivery to the plaintiff of the note in question, but denies that there was any consideration therefor moving from the plaintiff to the defendant, or from any one in his behalf, or that the defendant ever received any consideration, or that any was received by any other person for him for such note.

The answer also set up a counterclaim to which the plaintiff interposed a reply. On the trial before the referee defendant asked, and was permitted by the referee, to amend his answer so as to deny any knowledge or information sufficient to form a belief as to whether he ever executed and delivered the note mentioned in the complaint to the plaintiff.

The note in suit is not set out in the complaint, nor does it appear in the case, but is described in the complaint as a " promissory note in writing, dated on the 5th day of February, 1890, at Hudson, N. Y., and thereby, for value received, promised to pay to the order of the plaintiff two thousand dollars four months after said date, with interest."

The principal defenses set up in the answer and sought to be

established by the proof on the trial are, that there was no consideration for this note, and that the same had no legal or valid inception in the hands of the plaintiff, and was delivered to him, not for the purpose of vesting the title thereto in him, but only as the agent of the defendant for the purpose of having the plaintiff solicit the indorsement of a third person, for the purpose of enabling the defendant to negotiate the same and have the same discounted for the benefit of the defendant.

This note being an ordinary negotiable promissory note, payable to the order of the plaintiff and presented by him in court, where its execution was properly proved, was on its face *prima facie* evidence of the indebtedness of the defendant to the plaintiff for the amount of the same with lawful interest.

To overcome that legal presumption the burden in the first instance was cast upon the defendant.

It is quite true, as insisted by the learned counsel for the appellant, that this *prima facie* case may be overcome by a preponderance of proof on the part of the defendant; and in actions on notes, as in all other cases, the plaintiff holds the affirmative of the proposition which he asserts, and must establish it by a preponderance of proof before he can recover.

These rules are elementary, and require no citation of authorities. In this case the plaintiff, by the proof and production of this note, made his *prima facie* case. The defendant, by evidence criticizing the plaintiff's accounts, evidence of his financial ability, and in various other ways sought to overcome the plaintiff's *prima facie* case, to which the plaintiff responded with evidence tending to uphold the consideration and validity of this note.

Upon these opposite sides of this contest there was a large amount of conflicting evidence offered by the respective parties in support of their respective theories.

This evidence was listened to by an experienced and learned referee, who saw the witnesses and had a much better opportunity of judging of their character and the probable truth or falsity of their narrations than this court on appeal can possibly have.

He occupied the place of the jury and was by his position constituted peculiarly the judge of the facts, and while it is true that this court on an appeal may review and reverse, on questions of

fact, it is only authorized to do so upon disputed facts where there is a clear and manifest preponderance of evidence against the finding of a referee or the verdict of a jury.

This rule is of very universal application, and the reason for it is well stated by RUGER, J., in *Baird* v. *Mayor, etc.* (96 N. Y. 567), as follows : " When there is evidence on both sides and the case is balanced, and the mind of the court has been called upon to weigh conflicting statements and inferences and decide upon the credibility of opposing witnesses, much weight must be accorded to the special adaptation of the trial court to investigate and determine such questions. Any other rule would nullify the peculiar advantages which that tribunal possesses, in observing the manner and appearance of the witnesses produced, and the various physical and mental peculiarities by which the mind of the professional observer determines the degree of credit which ought prudently to be attached to oral testimony. These rules have been the subject of frequent comment in the courts, and are fully sustained by authority."

This rule was approved and the language of the opinion quoted in *Lowery* v. *Erskine* (113 N. Y. 55), and the doctrine there laid down may be regarded as of universal application in this State.

Applying it to this case we do not feel authorized to reverse the finding and determination of the referee on the disputed question of fact as to the title to this note, or the consideration upon which it was given.

In the case last cited the court say : " The rule governing appellate tribunals in reviewing questions of fact is stated (as follows) : ' To justify a reversal it must appear that such findings were against the weight of evidence, or that the proof so clearly preponderated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusions.' "

We have carefully read the evidence in this case, and the very elaborate brief and comments of the learned counsel for the defendant, but fail to find reason within the above rules for a reversal of the findings and conclusions of the referee upon the questions of fact on this appeal. But it is insisted by the learned counsel for the appellant that the referee erred on the trial of this action upon questions of law, for which this judgment should be reversed.

The exceptions taken by the defendant to the report of the referee are all directed to his conclusions of law, and we find in the case no requests on the part of the defendant of the referee to find, either upon questions of fact or law.

If we are right in holding that we cannot disturb the findings of fact of the referee upon the conflicting evidence in this case, then the conclusions of law found by him are, we think, fully supported by the facts found in his report, and the exceptions of the defendant to his conclusions of law are not well taken.

But it is insisted that the referee erred in allowing probative force to an affidavit of the defendant used on a motion to amend the answer. It nowhere appears in the report of the referee that he considered that affidavit as evidence, and it does not appear from the case that it was offered in evidence by the plaintiff or defendant upon the merits, and it cannot, therefore, be held as evidence in the case ; as it was not, therefore, an element in the trial, and was neither used by the plaintiffs or objected to by the defendant, we fail to see how the defendant can predicate error upon it.

It is true that in the opinion of the learned referee he refers to that affidavit in connection with the cross-examination of the defendant upon the trial; that opinion is properly printed in the appeal book, but it does not constitute a part of the report of the referee, from which an appeal can be taken. In *Magie* v. *Baker* (14 N. Y. 435) the court say : "The appeal book contains, it is true, an elaborate opinion by the judge and a general exception thereto. But that opinion is not in the case and has no right to be there. It is not one of the papers on which an appeal can be taken. *   *   * In the appeal book it is very proper that the opinion, if any has been written, should be printed, in order to give the appellate court the benefit of the reasons assigned for the judgment. But it performs no other office."

In *Laning* v. *N. Y. C. R. R. Co.* (14 N. Y. 521–539) FOLGER, J., in discussing the right of the appellate court to review a judgment upon expressions of a judge in an opinion, uses this language : " But we are not authorized to review a judgment and to reverse it for an alleged error, which does not appear upon the record, and is not shown, or to be arrived at, save by expressions appearing in the opinion of the court." In *Snebley* v. *Conner* (78 N. Y. 218) the

court say : " We cannot look at the opinion given at General Term for the reasons or grounds of the decision there pronounced."

Without stopping to discuss whether or not the reasons and arguments used by the learned referee in his opinion are, or are not, sound, we are, within the decisions referred to, precluded from making them the basis of our action in determining whether or not this judgment should be affirmed.

If an examination of the opinion should disclose erroneous expressions or conclusions, they would furnish no ground for a reversal of this judgment.

We have carefully examined the exceptions taken by the counsel for the defendant to the receipt and exclusion of evidence on the trial under his objections, and find no error committed by the referee in such receipt or exclusion of evidence.

On the whole case, we think the judgment should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.