MORRIS S. TROP and Others, Appellants, *v.* GRAMERCY
CHOCOLATE COMPANY, Respondent.

First Department, May 2, 1919.

Bills and notes — action by members of partnership upon promis-
sory note — parties plaintiff — effect of change of membership
of firm — presumption arising from possession and production
of note — burden of proof.

Where, in an action to recover upon a promissory note alleged to have
been made and executed by the defendant and delivered to the plaintiffs,
copartners, the answer alleges that the note sued upon was made, executed
and delivered by the defendant to S., one of the plaintiffs, and to one
M. who at the time of the giving of the note are alleged to have been
copartners, and that said note was given in part payment for goods
furnished by plaintiffs to the defendant, and it appears that when the order
was given by the defendant for said goods the plaintiffs' firm consisted
of the plaintiff S. and the said M., but the latter withdrew from the firm
ten days later, at which time the plaintiffs T. and B. entered the firm;
that none of the goods contracted for was delivered until after such
change in the firm, and that the note, although it bore an earlier date,
was not in fact delivered to the plaintiffs by the defendant until nearly
a month after M. had ceased to be a member of the firm, there was not a
misjoinder of parties plaintiff.

The presumption arising from the possession and production of the note by
the plaintiffs made out a *bona fide* title thereto and the burden then fell
upon the defendant to show that the parties producing it were not the
real owners and holders thereof.

APPEAL by the plaintiffs, Morris S. Trop and others, from
an order and determination of the Appellate Term of the
Supreme Court, entered in the office of the clerk of the county
of New York on the 2d day of January, 1919, reversing a
judgment of the City Court of the City of New York in
plaintiffs' favor and dismissing the complaint.

An appeal is also taken from the judgment entered in the
City Court on the 28th day of January, 1919, upon the remit-
titur from the Appellate Term.

*Gilbert Ray Hawes* of counsel [*Hyman J. Reit* with him on
the brief; *Reit & Kaminsky*, attorneys], for the appellants.

*Samuel Hellinger*, for the respondent.

First Department, May, 1919.                    [Vol. 187.

MERRELL, J.:

This action was brought in the City Court of the City of New York to recover upon a promissory note alleged to have been made and executed by the defendant, a domestic corporation, and delivered to the plaintiffs, copartners doing business under the name of Caracas Chocolate Company, whereby it is alleged the said defendant promised and agreed to pay to the order of the plaintiffs the sum of $1,000, with interest.

The answer, besides general denials, alleged, first, that the note sued upon was made, executed and delivered by the defendant to John Sheffman, one of the plaintiffs herein, and one Felix Moran, who, at the time of the giving of the note, are alleged to have been copartners doing business under the firm name and style of Caracas Chocolate Company.

For a second separate and distinct defense the defendant alleged that the note was given in part payment for 10,000 pounds of chocolate liquor furnished by plaintiffs to the defendant, which liquor, defendant alleged, was represented and warranted to be up to a certain standard, fit and proper for the manufacture of candies, and that said liquor was accepted by the defendant to be used in connection with the manufacture of candies and in reliance upon the aforesaid representations and warranties of the plaintiffs with reference thereto; that said liquor was of inferior quality and not fit or proper for the use for which it was purchased, and was of no value or use to the defendant.

By way of further separate and distinct defense and as counterclaim to plaintiffs' alleged cause of action upon the note, the defendant reaverred the allegations as to the inferior quality of the chocolate liquor purchased by it, and alleged that by reason thereof it had suffered damages in the sum of $2,000, for which it demanded judgment against the plaintiff.

To defendant's counterclaim, plaintiffs replied, denying the allegations thereof, except that the plaintiffs admitted the making of the contract for the sale and delivery of the chocolate liquor.

The case came on for trial and was tried in the City Court before the court and a jury. Upon plaintiffs' motion, defendant's counterclaim was dismissed and the jury rendered a verdict in plaintiffs' favor and against the defendant upon

the promissory note in suit for the sum of $1,037.50, upon direction of the trial judge presiding thereat. Judgment was entered thereon. A motion was made to set aside the verdict and for a new trial upon the usual grounds, and the same was denied. From such judgment of the City Court and from the order denying defendant's motion for a new trial the defendant appealed to the Appellate Term in and for the First Department. Upon said appeal the Appellate Term unanimously reversed the judgment of the City Court and dismissed plaintiffs' complaint upon the sole ground that there was a misjoinder of parties plaintiff herein, and that the note in suit was really given by the defendant to said Sheffman and Moran, as such copartners, and that there was no evidence that the plaintiffs owned the note in suit. By permission of the Appellate Term the plaintiffs have appealed to this court and ask a reversal of the determination of the Appellate Term, and that the judgment entered upon the verdict of the jury in the City Court be reinstated and affirmed. No appeal was taken by the defendant from the determination of the Appellate Term, and, therefore, defendant cannot be heard in support of its contention that the judgment of the City Court dismissing defendant's counterclaim was erroneous. The only question for determination upon this appeal is that which formed the basis of the determination of the Appellate Term, to wit, that there was a misjoinder of parties plaintiff herein requiring a dismissal of the complaint.

I think the Appellate Term was clearly in error in concluding that there had been a misjoinder of parties plaintiff. It is true that on June 22, 1917, when the order was given by the defendant for the 10,000 pounds of chocolate liquor, the copartnership of Caracas Chocolate Company consisted of the plaintiff John Sheffman and the said Felix Moran, but Moran concededly withdrew from the firm on or about June 30, 1917, at which time the plaintiffs Morris S. Trop and Walter L. Bladen entered the firm, associating themselves with the plaintiff John Sheffman as copartners under the same firm name and style of Caracas Chocolate Company. The evidence further shows that none of the chocolate liquor contracted for was delivered until after such change in the firm, and that while the note bore date July 1, 1917, it was not, in fact,

delivered to the plaintiffs by the defendant until July 27, 1917, or nearly a month after Moran had ceased to be a member of the firm. Upon the trial plaintiffs produced the note in suit, which production gave rise to the presumption of ownership by the parties producing it. (*Bell* v. *Tilden,* 16 Hun, 346; *Bedell* v. *Carll,* 33 N. Y. 581; *Mechanics & Traders' Bank* v. *Livingston,* 6 Misc. Rep. 81; *Shute* v. *Jones,* 78 Hun, 99.)

The note in suit, payable to the order of Caracas Chocolate Company, was indorsed in the firm name of M. S. Trop and John Sheffman, two members of the firm. The presumption thus arising from the possession of the promissory note by the plaintiffs made out a *bona fide* title thereto, and the burden then fell upon the defendant to show that the parties producing it were not the real owners and holders thereof. No attempt was made on defendant's part to dispute such presumptive ownership and the jury were justified in finding that the plaintiffs were the owners and holders of said note and entitled to judgment thereon. Upon the trial Moran was sworn as a witness in behalf of the defendant, and he testified that while he had in June, 1917, been a member of the firm doing business under the name and style of Caracas Chocolate Company, he left the firm on or about the first of July, at which time the firm was dissolved. It is, therefore, entirely clear that Moran was not interested in the recovery upon the note in suit, and was not a proper party plaintiff, as he never had any title to or interest in said promissory note. Therefore, the assumption of the Appellate Term that the note was given to Sheffman and Moran is unsupported by the evidence in the case; and the defendant gave no evidence overcoming the presumption of ownership of the note in the plaintiffs arising from its possession and production upon the trial.

The determination of the Appellate Term should be reversed, and the verdict of the City Court should be reinstated, and the judgment entered thereon affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Determination and judgment reversed, with costs in this court and in the Appellate Term, and judgment of City Court entered on verdict affirmed.