HENRY C. SNEBLEY, Appellant, v. WILLIAM C. CONNER, Sheriff, etc., Respondent.

An order of the General Term granting a new trial, in a case tried by a jury, where the facts were before the General Term, and it had the power to grant a new trial thereon, is not appealable.

The opinion of the General Term cannot be looked to for the reason or grounds of its decision.

Upon appeal from such an order, held, that as the practice in such cases had become thoroughly established and known, the order should be affirmed in accordance with the stipulation in the notice of appeal, instead of the appeal being dismissed.

(Argued June 16, 1879; decided September 17, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of plaintiff, entered upon a verdict and reversing an order denying a motion for a new trial.

This action was brought for the alleged conversion of a quantity of furniture.

The facts pertinent to the questions discussed appear sufficiently in the opinion.

T. Wilbur Bird, for appellant.

R. S. Green and A. J. Vanderpoel, for respondent. When the return shows that questions of fact are legitimately before the General Term, and that the order for a new trial may have been granted on questions of fact, this court will

not reverse the action of the General Term. (*Wright* v. *Hunter*, 46 N. Y., 409; *Sands* v. *Crooke*, 46 id., 564; *Dickson* v. *Broadway, etc., R. R.*, 47 id., 507; *Mackay* v. *Lewis*, 54 How. Pr., 503; *Downing* v. *Kelly*, 48 N. Y., 433.) Unless the case is such as to negative any inference that the new trial was granted on questions of fact, an appeal from such an order presents no question of law for adjudication by this court. (*Hoyt* v. *Thompson's Exrs.*, 19 N. Y., 208; *Miller* v. *Schuyler*, 20 id., 522; *Wright* v. *Hunter*, 46 id., 409.) The order appealed from cannot be qualified by reference to the opinion of the court. (*Hewlett* v. *Wood*, 67 N. Y., 394; *Thornton* v. *Autenrush*, 55 id., 659; *Sheldon* v. *Sheldon*, 51 id., 354; *Downing* v. *Kelly*, 48 id., 433.) Judgment absolute should be rendered on the plaintiff's stipulation. (*Jamieson* v. *Brooklyn Park*, 54 N. Y., 673; *Arnold* v. *Robertson*, 50 id., 683; *Dickson* v. *B. and S. A. R. R.*, 47 id., 507.)

EARL, J. This case was submitted to the jury upon conflicting evidence, and they found a verdict for the plaintiff. The defendant then made a motion for a new trial on the minutes of the judge upon all the grounds stated in section 264 of the Old Code, and the motion was denied and a formal order to that effect was entered. Judgment was then entered upon the verdict for the plaintiff, and the defendant then appealed from both the judgment and order to the General Term, and it reversed both and granted a new trial. The plaintiff then appealed to this court from the order of the General Term, stipulating for judgment absolute against him in case of affirmance of the order appealed from here.

It is incumbent upon the appellant, in order to sustain his appeal, to show affirmatively that some error was committed at the General Term which this court can correct.

The facts were before the General Term, and it had the power to grant a new trial upon the facts, and it may have done so. We cannot say that it did not. We cannot look

at the opinion given at General Term for the reasons or grounds of the decision there pronounced. If the new trial was granted upon the facts, the decision is not reviewable here, and the appellant in such a case fails to show that the General Term committed an error of law. (*Wright* v. *Hunter*, 46 N. Y., 409; *Sands* v. *Crooke*, 46 id., 564 ; *Dickson* v. *Broadway, etc., R. R.,* 47 id., 507; *Downing* v. *Kelly*, 48 id., 433; *Harris* v. *Burdett,* 73 id., 136.)

In such cases we have generally dismissed the appeals, that the new trial granted might be had. But the practice in such cases has now become so thoroughly established and known, and the character of this case is such that we think the ends of justice will be best subserved by an affirmance of the order.

Order affirmed and judgment absolute ordered against the plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.