EDWARD J. CHAPIN, Respondent, v. JOSEPH THOMPSON, Appellant.

Where feigned issues in an action are tried by a jury, and the judge presiding at the trial neither entertains a motion for a new trial nor directs exceptions taken at the trial to be heard at the General Term, a motion for a new trial can only be made under the Code of Civil Procedure (§ 1003) at the Special Term, where the motion for final judgment is made, and before such judgment.

The provision of said Code (§ 1005) providing for a motion for a new trial after judgment, has reference to a new trial of the action itself, not to a new trial upon the feigned issues which may have been awarded therein.

(Argued February 24, 1880; decided March 2, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, reversing an order of Special Term, denying a motion for a new trial of feigned issues herein. (Reported below, 18 Hun, 446.)

The facts appear sufficiently in the opinion.

*Edward C. James*, for appellant. The trial of a feigned issue, is not the trial of an action, but a proceeding to ascertain the truth of a disputed matter of fact, to be used on the trial of the action, for the information of the court. The findings of the jury are auxiliary to the judgment of the court, and the trial of the action is by the court. (*Vermilyea.* v. *Palmer*, 52 N. Y., 471, 474, 475; *Birdsall* v. *Patterson*, 51 id., 43; *Clark* v. *Brooks*, 2 Abb. Pr. [N. S.], 406; *Hatch* v. *Peugnet*, 64 Barb., 189, 196, 197.) Any objection to the findings of the jury upon the feigned issues, on the ground of error in the admission or rejection of evidence, or for other cause, should be brought to the attention of the court on the final hearing, at the latest. (41 N. Y., 349, 354, 355.) The proper, and only time to move for a new trial, is before the results of it are embodied in a final judgment. (*Johnson* v. *Harman*, 4 Otto, 371; *Bussey* v. *Gallagher*, 20 Wallace, 680; *Watt* v. *Starke*, U. S. Sup. Ct., 21; Alb. L. J., 76; *Hegeman* v. *Cantrell*, 50 How. Pr., 190; *Clayton* v. *Yarrington*, 33 Barb., 144, 145; *Brown* v. *Clifford*, 7 Lans., 46, 52, 53; *McKinley* v. *Lamb*, 64 Barb., 199; *Hegeman* v. *Cantrell*, 50 How. Pr., 188; *Ward* v. *Warren*, 15 Hun, 600, 603; *Jackson* v. *Andrews*, 59 N. Y., 244, 248; *Ward* v. *Warren*, 15 Hun, 603; Code of Civil Procedure, §§ 823, 971, 972, 1225, 1003, 1347, sub. 2.)

*Edwin M. Holbrook*, for respondent. The denial of the motion for a new trial, on the ground that it could not be entertained or heard after judgment, was error. (*Tucker* v. *White*, 27 How. Pr., 97; S. C., 28 id., see note ; *Folger* v. *Fitzburg*, 41 N. Y., 228; *Tracey* v. *Welsh* v. *Altmeyer*, 46 N. R., 598; *Hatch* v. *Peugnet*, 64 Barb., 189; *Clark* v. *Brooks*, 2 Abb. [N. S.], 385, see page 406; *Blydenburg* v.

*Johnson,* 9 id., 459; *Raphaelsky* v. *Lynch,* 12 id., 224; *Produce Bank* v. *Morton,* 8 Jones & Spencer, 328–337, affirmed, 67 N. Y., 149, 263; Code of Civil Procedure, § 1005, rule 31 of Supreme Court; *Rousso* v. *Vontrin,* 41 How. Pr., 8, p. 10; Code of Civil Procedure, §§ 999–1006.) Section 1005 of the Code of Civil Procedure permits a motion to be entertained at Special Term, after judgment for a new trial of the action, upon all the grounds upon which new trials are granted. (46 N. Y., 598; *Fleischmann* v. *Bennett,* 21 Alb. L. J., 115; Code of Civil Procedure, §§ 723, 724.)

*Per Curiam.* The feigned issues in this case were tried before the court and a jury, and a motion was made for judgment upon the same before the judge at Special Term, and after a further hearing, a final judgment was ordered and judgment was entered. No motion for a new trial on the issues was made before the judgment was entered, nor were the exceptions taken on the trial of such issues ordered to be heard at General Term. The judge refused to entertain a motion for a new trial, on the ground that he had no power, because such motion was made after final judgment, and the General Term reversed the order upon appeal.

We think the General Term erred in its decision. The Code (§ 1003) provides that where the judge who presided at the trial of feigned issues neither entertains a motion for a new trial, nor directs exceptions taken to be heard at the General Term, a motion for a new trial can be made only at the term where the motion for final judgment is made, or the remaining issues of fact are tried, as the case requires.

The case is directly within this provision, and it was only before the judge at Special Term, and before judgment was granted, that the motion for a new trial could be made.

Section 1005 is not inconsistent with the provisions contained in section 1003, and refers to a motion for a new trial of the action itself, and not to a motion for a new trial upon

the feigned issues which may have been awarded therein, which, as we have seen, is provided for in another section of the Code.

It follows that the order of the General Term should be reversed, and that of the Special Term affirmed, with costs of appeal.

All concur.

Ordered accordingly.