EDWARD J. CHAPIN, Appellant, *v.* JOSEPH THOMPSON, Impleaded, etc., Respondent.

Exceptions taken upon the trial of specific questions of fact arising in an equity action and ordered to be answered by a jury should be presented for review before final judgment; they may not be considered on motion for a new trial of the action after judgment.

Where an assignment for the benefit of creditors makes specific provision for the payment of a debt, the assignor cannot prevent the application of the property, in accordance with the terms of the instrument, because of the usurious character of the debt.

After the execution of a bond and mortgage, to secure a usurious loan, the borrower executed to the lender, and the latter accepted, a general assignment for the benefit of creditors; in the schedule of creditors contained in the inventory, made pursuant to the statute (Chap. 466, Laws of 1877), was inserted the name of said lender, with the amount of the loan which was described as " for money loaned secured by mortgage," and among the assets the mortgaged lands were included with the statement that they were mortgaged to secure said debt. In an action to foreclose the mortgage brought by an assignee of the mortgagee, *held*, that judgment directing the surrender and cancellation of the bond and mortgage because of the usury was error; that to the extent of the money actually loaned and legal interest thereon, plaintiff was entitled to the benefit of the assignment; that said assignment was not within the statute avoiding contracts or securities because of usury (1 R. S. 772, § 2), as it was a mere trust or appropriation of property made by the debtor, independent of the usurious contract, which gave to the creditor rights adhering to the trust property until the debt was satisfied or the property applied upon it according to the terms of the trust; also that the fact that the lender was the assignee was immaterial; and that plaintiff's rights were in all respects the same as his assignors.

(Argued April 28, 1882; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made December 4, 1880, which affirmed a judgment entered upon a decision of the court on trial at Special Term, and affirmed an order denying a motion for a new trial.

This action was brought to foreclose a mortgage for the sum of $6,000, executed September 12, 1876, by the defendant Thompson, to one Abiel E. Helmer, and assigned by Helmer, on the 5th day of April, 1878, to the plaintiff.

Thompson defended the action upon the ground of usury.

In July, 1878, by order of the Special Term, it was directed that the questions of fact arising upon the answer should be tried by a jury, and interrogatories were framed for that purpose.

The issues were tried in October, 1878, at Circuit, and the jury found that the loan secured by the mortgage was made

upon an understanding and agreement that the borrower should pay to the lender, as the consideration for the loan, and did pay to him, the sum of $600 in addition to the legal and lawful interest.

In November, 1878, the case was heard at Special Term. No motion was made for a new trial of the issues, but the plaintiff, the court having approved and adopted said verdict, applied upon the pleadings, proofs and verdict for judgment of foreclosure and sale, without a judgment for the deficiency, and the defendant Thompson applied thereon for a judgment, declaring said bond and mortgage void, and enjoining any prosecution thereon, and ordering the same to be surrendered and canceled.

The further material facts are stated in the opinion.

*Edwin M. Holbrook* for appellant. The General Term erred in not examining and considering upon the appeal to it, the exceptions taken upon the trial of the issues submitted to a jury. (*Chapin* v. *Thompson*, 80 N. Y. 275; 18 Hun, 446.) The defense of usury is a personal defense, and the debtor has a right to waive it. Having waived it by his own act he cannot revoke it. (*Strong* v. *Strickland*, 32 Barb. 287; Burrill on Assignments [3d ed.], § 428; *Pratt* v. *Adams*, 7 Paige, 615; *Murray* v. *Judson*, 5 Seld. 73; *Candee* v. *Lord*, 2 Comst. 269; *Green* v. *Morse*, 4 Barb. 332; *Mer. Ex. Nat. Bk.* v. *Com. Warehouse Co.*, 49 N. Y. 635, 643; *Crane* v. *Turner*, 67 id. 457; *Hartley* v. *Harrison*, 24 id. 170; *Stevens* v. *Cossabacher*, 8 Hun, 126; *Garnsey* v. *Rogers*, 46 N. Y. 223, 242; *Douglas* v. *Wells*, 18 Hun, 83; *Eq. L. Asso. Soc. of U. S.* v. *Cuyler*, 75 N. Y. 511.)

*Edward C. James* for respondent. As plaintiff did not move for a new trial of the feigned issues before final judgment he was precluded from questioning the verdict or reviewing the exception taken upon the jury trial. (*Chapin* v. *Thompson*, 80 N. Y. 275; *Jackson* v. *Andrews*, 59 id. 245; *Ward* v. *Warren*, 15 Hun, 600.) The assignment to Helmer for bene-

fit of creditors did not deprive Thompson of the defense of usury, and of the relief provided by the statute against usury. (*Green* v. *Morse*, 4 Barb. 332 ; *Strong* v. *Strickland*, 32 id. 284 ; *Morse* v. *Crofut*, 4 N. Y. 114, 121–2 ; Perry on Trusts, § 600 ; *E. L. I. Co.* v. *Cuyler*, 12 Hun, 247 ; *In re Lewis*, 81 N. Y. 421, 424 ; *Pratt* v. *Adams*, 7 Paige's Ch. 615, 639 ; *Pearsall* v. *Kingsland*, 3 Edw. Ch. 195 ; *Beach* v. *Fulton Bk.*, 3 Wend. 584 ; Burrill on Assignments [3d ed.], 428 ; *Brannock* v. *Brannock*, 10 Ired. 428, 431 ; *Murray* v. *Judson*, 9 N. Y. 84 ; *Vickery* v. *Dickson*, 35 Barb. 96, 98–99 ; *Tuthill* v. *Davis*, 20 Johns. 285 ; *Reed* v. *Smith*, 9 Cow. 647; *Jackson* v. *Packard*, 6 Wend. 415 ; *Shober* v. *Hanser*, 4 D. & B. 91; *Hartless* v. *Harrison*, 24 N. Y. 175 ; *Grey* v. *Green*, 77 id. 615, 619.) Where land has been conveyed subject to a usurious mortgage, which the grantee assumes to pay, such grantee cannot avail himself of the defense of usury. (*Hartley* v. *Harrison*, 24 N. Y. 170 ; *K. L. I. Co.* v. *Nelson*, 13 Hun, 321 ; 87 N. Y. 137 ; *More* v. *Deyoe*, 22 id. 208, 218 ; *E. L. I. Co.* v. *Cuyler*, 12 Hun, 247.) A creditor named in the schedules attached to an assignment is not entitled to a distributive share of the trust funds without making proof of his claim, and showing it to be valid. (*In re Bailey, Assignee*, 10 Weekly Dig. 87.) Both the assignor and assignee under an assignment which contains no provision for the payment of the usurious debt can defend for usury and obtain an absolute cancellation of the illegal claim. (*Morse* v. *Crofut*, 4 N. Y. 114, 121–2; *Green* v. *Morse*, 4 Barb. 332; *Pratt* v. *Adams*, 7 Paige's Ch. 615, 639 ; *Pearsall* v. *Kingsland*, 3 Edw. Ch. 195 ; *Beach* v. *Fulton Bk.*, 3 Wend. 584; Perry on Trusts, § 600 ; *Union Bk.* v. *Bell*, 14 Ohio St. 200.) Nothing was put in this assignment to induce plaintiff to purchase this bond and mortgage ; nor was he induced to purchase it by any act or representation of Thompson, consequently there is no element of an equitable estoppel in this case. (*Payne* v. *Burnham*, 62 N. Y. 69, 73; *Strong* v. *Strickland*, 32 Barb. 289.) The mortgage is merely collateral to, and dependent upon, the bond. The bond being usurious and void, the mortgage falls with it.

(*Ross* v. *Terry*, 63 N. Y. 613; *K. L. I. Co.* v. *Nelson*, 13 .Hun, 345; 78 N. Y. 137.) By accepting the trust the mortgagee, Helmer, subordinated his mortgage to the trust, so that he could pursue no remedy adverse to the trust estate. (1 Johns. Ch. 174, 178; Hopkins' Ch. 515; 67 N. Y. 437.)

DANFORTH, J. Exceptions taken upon the trial of specific questions of fact arising in an equity action, and ordered to be answered by a jury should be presented for review before final judgment. This was held upon a former appeal involving the precise question (80 N. Y. 275), and need not again be considered. Not only did the plaintiff fail to pursue this course, but he himself produced the verdict before the Special Term, and asked for judgment in the action. The defendant did the same, and prevailed. The judgment thus founded in part upon the verdict of the jury was in fact rendered by the court in November, 1878, while the motion for a new trial was not made until June, 1880. The General Term, therefore, did not err in refusing to consider the exceptions referred to.

We are bound by the finding that the bond and mortgage from Thompson to Helmer had their inception in a usurious loan of money. There is evidence which may be so considered as to warrant that conclusion. We also concur with the General Term in the opinion that the plaintiff has no better right or equity than his assignor, Helmer, had. But as the assignee of the bond and mortgage, he is entitled to resort to any fund, means, or provision for the payment of the money which formed its consideration. His rights are in all respects the same as Helmer's, to all incidental securities and all remedies for the debt notwithstanding the assignment. (*Pattison* v. *Hull*, 9 Cowen, 747; *Green* v. *Hart*, 1 Johns. 580; *Grosvenor* v. *Day*, Clarke's Ch. 109; *Robinson* v. *Ryan*, 25 N. Y. 320; *Allen* v. *Brown*, 44 id. 228.)

We think, therefore, the judgment goes too far. The trial judge found that the bond and mortgage were executed and delivered on the 12th of September, 1876. He also finds that on the 22d day of October, 1877, Thompson made a general

assignment to Helmer of all his property "in trust, to take possession of the same, and to sell and dispose of the lands and property, and to collect the choses in action, and with the net proceeds of such sales and collections, to pay and discharge all the debts and demands whatever then existing against said Thompson, whether due or to become due, provided the assigned property should be sufficient for that purpose; if insufficient, then to apply the same *pro-rata*, share and share alike, to the payment of such debts and demands according to their respective amounts. That in the schedule of said Thompson's creditors, contained in his inventory, made pursuant to chapter 466, Laws of 1877, was inserted the name of said Helmer as his creditor for $6,000, 'for money loaned, secured by mortgage,' and among said Thompson's assets, and as a part thereof in said inventory were described the land so mortgaged to said Helmer, and at the end of each parcel so described was inserted this statement, 'mortgaged to Abiel E. Helmer to secure the payment of $6,000, dated September 12, 1876, interest due on said mortgage from March 12, 1877.'"

Helmer "accepted the assignment, and entered upon said trust and still continues the same." On the 5th of April, 1878, as mortgagee, he transferred the bond and mortgage for a valuable consideration to the plaintiff. No part of the principal has been paid, nor any interest since March 12, 1877.

As conclusions of law the court find, *first*, that the bond and mortgage are usurious and void, and *second*, that the plaintiff is not entitled to any relief thereon as against Thompson, the mortgagor, or his property in the hands of his assignee, Helmer, and *fourth*, that judgment be rendered that the bond and mortgage be canceled and surrendered. The exception to the last clause of the second conclusion, and to the fourth conclusion of law, are, we think, well taken. For aught that appears the assignment was the voluntary and unsolicited act of the assignor, made in good faith for the purpose indicated by the instrument, viz.: "To make a fair and equitable distribution of his property and effects among his creditors." There is no finding, or request to find, to the contrary. A person

agreeing to pay usury is not compelled to avail himself of the statute which permits him to annul the agreement; he may voluntarily do equity, and pay; or, actuated by an honest and conscientious intention, provide for payment of what he owes, and in that case a court of equity will, so far as it can, aid in carrying out the intent. He may also by his own act " deprive himself of the ability to inflict upon the creditor the loss of the entire debt." (KENT, Ch. J., in *Fanning* v. *Dunham*, 5 Johns. Ch. 122.) If sued upon the debt he makes default, the judgment stands good notwithstanding usury in the cause of action. (*Thompson* v. *Berry*, 3 Johns. Ch. 394, affirmed in 17 Johns. 436; *Bartholomew* v. *Yaw*, 9 Paige, 165.) So he may create a trust for the performance of his contract, although in itself incapable of being enforced, and this will be valid, and may be carried into effect, notwithstanding a defense exists to the original contract. (Fry on Specific Performance, § 312.) The author cites *Powell* v. *Knowler* (2 Atkyns, 224) which brought up an agreement in respect to certain lands, clearly champertous and illegal, but the party who was to convey, by will directed the agreement to be carried out, and created a trust for that purpose. It was held that the agreement could not be enforced, for the reason already mentioned, but that the trustee must execute the trust, and that amounted to the same thing — an enforcement of the agreement against the trustee who was directed to carry it out.

So, where a testator directed that one of his residuary legatees should be answerable for all debts due to him from the father of a legatee, it was held that a debt, although usurious, and therefore not enforceable, must be deducted from the legatee's share. (*Stanton* v. *Knight*, 1 Simons, 482.) In *Denn, ex dem. Wilkinson*, v. *Dodds* (1 Johns. Cas. 158), it appeared that Wilkinson, the lessor, executed upon a usurious agreement, three certain mortgages to the defendant, and subsequently executed to one Fosdick a deed reciting these mortgages, and that, in consideration thereof, the sum of ten shillings paid by Fosdick, the said Wilkinson granted, etc., to him, the premises in said mortgages described, upon trust, first, to permit Wilkinson to sell

the premises if he could before the first of May then next, and on receipt of the purchase-money satisfy and confirm the sale; but in case this was not wholly done by the time mentioned, then, upon trust, to sell the premises at auction and apply the moneys arising therefrom, or from sales made by the grantor, first, to the payment of the mortgage debts and interest thereon to the defendant, and next, pay a certain debt to Sleight & Co., and the surplus, if any, pay to the grantor. The plaintiff offered to show that the premises had been sold by the trustee and conveyed to the defendant, and relied upon the usury in the mortgages to invalidate his title; but the trial court held that the consideration mentioned in the deed of trust was sufficient to sustain it, and showed a title out of the lessor of the plaintiff and so nonsuited the plaintiff. The plaintiff moved to set aside the nonsuit upon the ground taken by him at the trial, viz., that the consideration of the conveyance to Fosdick, except as to the debt due Sleight & Co., was usurious, and the conveyance, therefore, void; and the debt to Sleight & Co. having been paid, there was no legal consideration to uphold the conveyance. On the other hand it was contended that the conveyance was not within the statute against usury, and of that opinion was the court, saying, this was an " absolute conveyance upon trusts, and operated as a payment or satisfaction of the debts mentioned in it, which debts, upon the performance of the trusts, would be discharged and extinguished. It was an act done in execution of the previous contracts by which the usurious debts were created and nothing but the trusts remained for the benefit of the grantor. An act of this nature cannot be rescinded on the ground of usury."

In *Murray* v. *Judson* (9 N. Y. 73), the plaintiff was a judgment creditor of one Judson, who had made an assignment of all his property for the benefit of creditors, preferring, in the first place, one Sheldon, in whose favor he had confessed judgment. The plaintiff sought to have the assigned property applied to his claim, upon the ground that the Sheldon judgment was usurious. The court were against him, holding that as the debtor could have paid the judgment, "no good reason

can be assigned why he could not appropriate property for that purpose, and direct its application by a trustee. The assignment was not a contract with the holder of the judgment, or a mere security for that debt, but the setting apart of property for the payment of a specified demand in the order designated." This result follows from the fact that the assignment itself is irrevocable. It was voluntary. The assignor created his own trust, and a creditor who comes in to claim a share under it must be content to take such share of it as the assignor intended to give him.

This was held in *Pratt* v. *Adams* (7 Paige, 615). In that case a distinction is taken (page 642) between a general provision in such an assignment to pay debts and one where the debt is specifically named, viz.: in the first case a usurious debt cannot be paid, but in the other it should be to the extent only of the money actually loaned, and the legal interest thereon. So much, says the chancellor, " the creditor may claim, although the debt is tainted with usury." Now the debt owing from Thompson, the assignor, to Helmer, is as we have seen one of those directed to be paid from the property assigned, or if there is not enough for that purpose, then *pro rata* with the others. In *Murray* v. *Judson*, the decision was concurred in by all the members of the court, and *Pratt* v. *Adams* cited with approval. So far as I am aware neither case has been questioned, and they are decisive of the point now under consideration.

The right of the debtor to resist an action upon his obligation is not denied. But the result of establishing a trust was to convert the creditor into a *cestui que trust* and give him rights against a trust fund, which as a simple contract creditor he did not possess, and which did not belong to that relation — rights not to be enforced against the debtor, but the trust property, and adhering to that property until the debt is satisfied, or the property applied upon it according to the terms of the trusts ; and so long as any debt named by the creditor of the trust remains unpaid, no part of the proceeds of that property can be applied, except to its payment, without a plain violation of the trust declared by the assignment. The cases cited

by the respondent are not to the contrary. *Green* v. *Morse* (4 Barb. 332) denied the right of an assignee to refuse payment of a debt specifically provided for, because of its usurious character, and in this respect followed *Pratt* v. *Adams.* In *Strong* v. *Strickland* (32 Barb. 284), a mortgagor, who was also an assignor for the benefit among others of the mortgagee as a creditor, obtained a decree canceling and setting aside the mortgage on the ground of usury, but upon appeal it was so modified as not to " affect the claims of the mortgagee or assignee under the assignment." In *Morse* v. *Crofoot* (4 N. Y. 114), the bill was filed to procure the testimony of one Thayer and put an end to certain proceedings at law upon a note; the question now raised was not before the court. Thayer was an assignor, and his evidence was wanted to prove usury in the note; he was held incompetent because his testimony, if effectual, would put an end to the suit at law where he was a party, and avail him as well as the complainants. It may be inferred that the complainants were the assignees of Thayer, for the learned judge making the remark relied upon by the respondent here says : " If the complainants succeed in avoiding the note on the ground of usury, it will be their duty to refuse payment thereof out of the property in their hands." It was *obiter* and so was apparently considered by the same court in deciding *Murray* v. *Judson,* for it was cited by the judgment creditor " as conclusive " to show the assignment void by reason of the usury infecting the debt provided for, and, although not referred to by the court, was distinctly brought to their attention, without avail.

In *In re Lewis* (81 N. Y. 421, 424), the court do indeed say that " the assignee is the representative of the debtor," but it is added, " he must be governed by the express terms of his trust," and the whole opinion is to show that he has no power outside of its provisions, and that the control of the court is limited in the same way. Neither can the assignor modify or change its provisions. This is held in *Murray* v. *Judson;* but if he can defeat a claim once provided for, so as to exclude

it from participating in the fund raised by the assignment, the rule would be of little force. Indeed, a reservation to the assignor of any power or control over the provisions of the instrument itself, or the property assigned by it, or the appropriation of its proceeds, would be fatal to its validity. (*Riggs* v. *Murray*, 2 Johns. Ch. 565 ; *Grover* v. *Wakeman*, 11 Wend. 187 ; *Boardman* v. *Halliday*, 10 Paige, 223.) The assignee does not take by contract or agreement with the debtor, but by appointment. As the parties cannot change the terms of the instrument, they cannot withdraw the property or the trusts from the jurisdiction of the court, nor absolve the assignee from its control. If he resigns the assignor cannot appoint a successor. The appointment must be by the court. The execution and delivery of the instrument excludes the grantor from any further dominion over it or its subject-matter.

Nor is it within the statute which avoids contracts or securities by reason of usury (Tit. 3, § 2, chap. 4, 1 R. S. 772), for it is "a mere trust or appropriation of property made by the debtor, without the agency of the creditor, subsequent to and independent of the usurious contract as a means of satisfying the debt after it has been incurred." (*Murray* v. *Judson, supra*.) The fact that the creditor whose claim is sought to be avoided is the assignee does not give him a relation to the property or the debtor, different from that of any other person who might have been designated for the office. He has no right independent of the assignment, and is in all things subject to the court.

The plaintiff in this case, the assignee of the bond and mortgage, as to any claim under the assignment, stands in place of the creditor, and the judgment appealed from should be modified by a declaration that it shall not affect the claim of the assignee or holder of the bond and mortgage under the assignment, and as thus modified affirmed, without costs to either party in this court.

All concur, except MILLER and TRACY, JJ., absent.
Judgment accordingly.