Andrews, Ch. J.
The defendant appealed to the general term from the judgment entered upon the verdict of the j ary for the plaintiffs and from the order denying a motion for a new trial on the minutes. The general term reversed the judgment and ordered a new trial. The order of reversal does not show whether the reversal was upon the law, or facts, or both. From the order granting a new trial the plaintiffs appeal to this court. Under the settled rule, therefore, if there was any material fact controverted on the trial, it was in the power of the general term to grant a new trial, in order that there should be a re-examination of the case by another jury, and to sustain the order of reversal the court will assume that the new trial was granted on the facts, in the absence of a statement in the order of reversal that the verdict was upon questions of law only. Harris v. Burdett, 73 N. Y., 136.
In looking into the record it appears that the only question submitted to the jury was ■ whether there was an implied acceptance of the engine by the defendant after the 30th day of November, 1887, by the continued use of the engine until the following February, under the circumstances disclosed by the evidence.
The trial judge during the progress of the trial made several rulings favorable to the defendant, to which, so far as appears by the record, no exception was taken by the plaintiffs. But as the exceptions of the party who obtained the verdict would not necessarily appear in the case, these rulings may have been excepted to by the plaintiffs. However the fact may have been, we think the plaintiffs cannot avail themselves here of any alleged errors in rulings adverse to them, made on the trial, although they related to questions which should have been ruled in favor of the plaintiffs, and even although they were conclusive of their right to recover in the action.
This court cannot say that this court did not acquiesce in the law upon these questions as laid down by the trial judge. If they desire to review these rulings they should have gone, back under the order for a new trial and raised the questions on the retrial, and, if defeated there, present them on an appeal from the judgment.
It must, therefore, on this appeal be considered as the law of the case, as ruled by the trial judge, (1) that there bad been no acceptance by the defendant of the engine up to the 28th day of November, 1887, when the defendant notified the plaintiffs in writing to remove it, on the ground that it was not satisfactory; (2) that its right to reject the engine within a reasonable time, if for any reason it was not satisfactory, was absolute under the contract of sale; and (3) that under the circumstances the continued use of the engine. by the defendant, after it gave the notice of November 28, 1887, was not an acceptance of the engine, if no new circumstances intervened changing the situation.
One of the plaintiffs, Mr. Cooke, testified that on the afternoon of November 30, 1887, he had an interview with Mr. Reilly, the secretary of the defendant company, in which he informed Reilly *659 that the plaintiffs had sent a man the day before to make some adjustment of the valve of the engine, and that he thought it would be advisable to suspend the notice of November 28th until the engine had been tried with the valve as altered, and that Mr. Reilly consented to it. Mr. Reilly, on the part of the defendant, testified in substance that he had no such interview with the plaintiff on the day testified to by Mr. Cooke, or at any subsequent time with reference to the engine, and that he had no recollection of ever having seen the plaintiffs or any representative of theirs with respect to the engine. The interview testified to by Mr. Cooke, if it took place, could not, as the circumstances show, have occurred prior to November 30th.
If the fact whether 'the interview took place was material on the' question of the acceptance of the engine, the fact depended upon controverted evidence. It was regarded as material by the trial judge. He had instructed the jury in his main charge that if by agreement of the parties the notice of November 28, 1887, was suspended, then it became the duty of the defendant to give notice within a reasonable time after trying the new adjustment, after its rejection of the engine, and that a failure to do so might be considered by the jury on the question of acceptance.
And after the conclusion of his main charge he charged, on the request of the defendant’s counsel, that if the alleged interview of November 30, 1887, did not occur, “there was no such acceptance of the engine; there was a rejection November 30th.”
The general term, as appears from the opinion, reversed the judgment on the ground that there was no evidence from which the jury were authorized to find that there had been an implied acceptance of the engine by the defendant after November 80, 1887, and the correspondence of the parties in the subsequent February and other circumstances are referred to in its opinion in support of this view.
But assuming, but without deciding the question, that the evidence did not conclusively establish that there had been no waiver of the notice of November 28th, and no acceptance of the engine after that time, nevertheless the circumstances raised at least an issue of fact, which should either have been submitted to the jury or found by the court, whether the notice of November 28th had been suspended, or if it had been suspended, whether the continued use of the engine by the defendant and its omission to give any further notice, until February, was the consequence of an implied understanding between the parties that up to that time the engine was on trial, and the right of final decision as to its acceptance was suspended. Upon this question of fact, the evidence in respect of which was capable of opposing inferences, the general term had jurisdiction to grant a new trial. This is decisive of this appeal. Snebley v. Conner, 78 N. Y., 218.
The order should be affirmed, and judgment absolute ordered for defendant, with costs in all courts.
All concur.