In the Matter of the Administration of the Estate of ROSE T. MOSHER, Deceased.

ELIZABETH SARLES, Appellant; JOHN WALSH, as Executor of ROSE T. MOSHER, Deceased, Respondent.

APPEAL — WHEN APPEAL FROM REVERSAL BY APPELLATE DIVISION WITH DIRECTION FOR NEW TRIAL WILL NOT BE DISMISSED. Where, upon appeal to the Court of Appeals from an order of the Appellate Division reversing a judgment upon the facts and granting a new trial, it is found that questions of fact are involved upon which the reversal could properly have been based, the appeal will not ordinarily be dismissed but the order of reversal will be affirmed and judgment absolute awarded against the appellant upon the stipulation.

(Submitted June 4, 1906; decided June 12, 1906.)

MOTION for re-argument and to amend remittitur. (See 185 N. Y. 556.)

HAIGHT, J. Elizabeth Sarles, the appellant, filed a claim for work, labor and services with the executor of the estate of Rose T. Mosher, deceased, which was referred to a referee to hear and determine. The referee after hearing the case filed his report in favor of the claimant, upon which judgment was entered. The executor thereupon appealed to the Appellate Division, first department, which court reversed the judgment and granted a new trial. An appeal was taken by the claimant to the Court of Appeals, and thereafter, upon application of the executor, the Appellate Division amended its order so as to state that the judgment was reversed both upon the law and the facts, the respondent stipulating that the appellant might, if she elected, withdraw her appeal to this court. She did not, however, elect to do so, but instead brought her appeal on for argument, making the claim that the report of the referee was in the long form containing findings of fact and conclusions of law, and that a general exception only had been taken by the executor to such report, and that the Appellate Division had no power to review the facts and reverse thereon. This court finding that questions of fact were involved, upon which the Appellate Division could properly reverse the judgment, affirmed the order and awarded judgment absolute against the appellant upon her stipulation.

The appellant now seeks to have the remittitur amended so as to dismiss the appeal instead of affirming the order, relying upon *Bini* v. *Smith* (161 N. Y. 120); *Health Department of the City of New York* v. *Dassori* (159 N. Y. 245–249) and other kindred cases. It is quite true that in many cases we have adhered to the practice of dismissing the appeals rather than affirming the order granting a new trial. We did not like to deprive a party of a new trial for acting upon erroneous advice. Occasionally we still adhere to that practice and dismiss appeals where it is apparent that an affirmance and judgment absolute would result in great injustice to the appellant. But our generosity in this respect has been abused, and many appeals have been taken to this court and

much time consumed in the discussion of controverted questions of fact under the pretense that they were in favor of the appellant, doubtless hoping to obtain some advantage upon a new trial in case the appeal should be dismissed.

In this case the appellant had the right to appeal, under the provisions of the Code. This court thereby acquired jurisdiction to review her case. Whether the record contains any exceptions to be reviewed is another question. It was claimed that the Appellate Division had no power to reverse upon the facts under the exception filed to the referee's report by the executor. It was also claimed that the facts were without dispute, and that, therefore, the Appellate Division could not create a question of fact by assuming to reverse upon the facts, under authority of *Otten* v. *Manh. Ry. Co.* (150 N. Y. 395–401); *Hirshfeld* v. *Fitzgerald* (157 N. Y. 166–176). We were, therefore, called upon to determine those questions. The first question we regarded as settled by the case of *Roberts* v. *Tobias* (120 N. Y. 1–5). The latter question by our review of the evidence finding that a question of fact was involved which the Appellate Division had the power to review. In the case of *Snebley* v. *Conner* (78 N. Y. 218–220), EARL, J., in delivering the opinion of the court, said: "In such cases we have generally dismissed the appeals, so that the new trial granted might be had. But the practice in such cases has now become so thoroughly established and known, and the character of this case is such that we think the ends of justice will be best subserved by an affirmance of the order." In the case of *Livingston* v. *City of Albany* (161 N. Y. 602) a similar question was considered by PARKER, Ch. J., who at the close of his opinion states: "As justice may be promoted by a dismissal of this appeal, that course will be taken, reserving to some future occasion the application of the rule adopted in *Snebley* v. *Conner* (78 N. Y. 218) should counsel persist in taking their chances in this court in the hope that, at the most, only a dismissal will result, giving them two opportunities to persuade the court — one before the new trial

ordered is taken, and one afterwards." (See, also, *Jameson v. Brooklyn Skating Rink Association*, 54 N. Y. 673.) The case under consideration is one in which we thought the rule above referred to should be applied. The motion should, therefore, be denied, with ten dollars costs.

Cullen, Ch. J., Gray, Edward T. Bartlett, Vann, Willard Bartlett and Chase, JJ., concur.

Motion denied.