The judgment of conviction should be reversed and a new trial ordered.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK and HOGAN, JJ., concur; CUDDEBACK, J., dissents.

Judgment of conviction reversed, etc.

---

JAMES H. CARROLL, Appellant, *v.* JOHN H. BULLOCK, Respondent.

Appeal — actions in which questions may be submitted to a jury under section 971 of the Code of Civil Procedure — power of Appellate Division to review the facts — reversal by Appellate Division — Court of Appeals will dismiss appeal therefrom or grant judgment absolute on the stipulation.

In actions triable by the court in which specific questions are submitted to a jury under section 971 of the Code of Civil Procedure, the trial of the whole issue by the court is to be considered

as a trial by the court without a jury, and the judgment rendered by the trial court is to be reviewed upon appeal precisely as though the case had been tried without the intervention of a jury. In such a case the Appellate Division has the power to review the facts, and where there is a question of fact the Court of Appeals, upon an appeal from an order of the Appellate Division reversing the judgment, must either dismiss the appeal or affirm the order and grant judgment absolute upon the stipulation.

*Carroll* v. *Bullock*, 147 App. Div. 926, appeal dismissed.

(Argued February 4, 1913; decided March 18, 1913.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 29, 1911, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term after the submission of certain questions to a jury and the reception of a verdict thereon, and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Bernard J. Tinney* for appellant. This action is an action of ejectment with demand for incidental equitable relief. As such it is an action at law, triable by a jury. As such the Appellate Division had no power to reverse on the facts in the absence of a motion made below by the defendant for a new trial, the entry of an order thereon and an appeal by the defendant therefrom. (*Boos* v. *World M. L. Ins. Co.*, 64 N. Y. 236; *Matthews* v. *Myberg*, 63 N. Y. 656; *Alden* v. *Knights of Maccabees*, 178 N. Y. 535; *Third Ave. R. R. Co.* v. *Ebling*, 100 N. Y. 100; *Porges* v. *U. S. M. & T. Co.*, 203 N. Y. 181; *Alden* v. *Corn Ex. Bank*, 181 N. Y. 278; *Collier* v. *Collins*, 172 N. Y. 99; *Wangner* v. *Grimm*, 169 N. Y. 421; *Hathaway* v. *County of Delaware*, 185 N. Y. 370; *Perry* v. *Village of Potsdam*, 106 App. Div. 297.) Even if the action was not an action of ejectment, with claim to incidental equitable relief, and not an action at law triable by a jury, yet as both parties treated it as an action at

law and triable by a jury, the defendant is estopped from claiming it is otherwise, and is to be held by the rules of practice applicable to such an action, and, therefore, the Appellate Division was, in the absence of a motion made by the defendant for a new trial under the provisions of section 999 of the Code of Civil Procedure, the entry of an order thereon and an appeal therefrom precluded from reversing the judgment appealed from on the questions of fact. (*Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437; *Wellington* v. *Morey*, 90 N. Y. 656; *New York Society* v. *American Surety Co.*, 56 Misc. Rep. 627; *Vann* v. *Rouse*, 94 N. Y. 401; *Reich* v. *Cochran*, 151 N. Y. 129; *Cooper* v. *N. Y., O. & W. Ry. Co.*, 180 N. Y. 12; *Chapin* v. *Thompson*, 89 N. Y. 270; 23 Hun, 12.) If again it was an equity action the questions of fact were submitted to a jury under an order or direction of the court. This submission must be held to be a substitute for feigned issues, and no motion having been made on the judge's minutes, or otherwise, for a new trial, the defendant acquiesced in the verdict of the jury, and the trial court having adopted the findings of the jury, the Appellate Division was without power to reverse on the facts. (*Ward* v. *Warren*, 15 Hun, 600; 82 N. Y. 265; *Jackson* v. *Andrews*, 59 N. Y. 245; *Madison University* v. *White*, 25 Hun, 493; *Bowen* v. *Becht*, 35 Hun, 434; *First Nat. Bank* v. *Dean*, 137 N. Y. 110; *Whitney* v. *Whitney*, 76 Hun, 585.) If, however, the issues that were submitted to the jury were not all the issues in the case, as they were, they being submitted with the consent of both parties, the finding of the jury thereon had the same effect as if the fact so submitted was admitted by the pleadings or by stipulation, or was conclusively established in any other way, and the Appellate Division, in the absence of a motion made for a new trial at the term when the motion for final judgment was made, or the remaining issues of fact were to be tried, was not at liberty to reverse upon questions of fact.

(*Carr* v. *Carr*, 52 N. Y. 251; *Whitney* v. *Whitney*, 76 Hun, 585; *Learned* v. *Tillotson*, 97 N. Y. 1; *Chapin* v. *Thompson*, 23 Hun, 12; affd., 89 N. Y. 270; 80 N. Y. 275; *Hegeman* v. *Cantrell*, 1 Wkly. Dig. 451.) Even if the action be treated as one in equity, and tried by the court without a jury, nevertheless the Appellate Division had no power to reverse upon the facts, for there was no issue of fact in the case. (*Ackerman* v. *True*, 175 N. Y. 359; *Ammerman* v. *Deane*, 132 N. Y. 355; *Willis* v. *McKinnon*, 79 App. Div. 249; 178 N. Y. 451; *Alden* v. *Corn Exchange Bank*, 181 N. Y. 280; *Otten* v. *Manhattan Ry. Co.*, 150 N. Y. 395; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166.)

*Lewis E. Carr* and *Walter H. Wertime* for respondent. The action was one on the equity side of the court and was triable by and before the court without a jury. The court might have the aid of a jury and submit questions of fact to them for answer and might adopt such answers in the findings or make other findings of fact in the disposition of the case. (*Sadlier* v. *City of New York*, 185 N. Y. 408; *Corning* v. *Troy I. & N. Factory*, 40 N. Y. 191; *Broiestedt* v. *South Side R. R. Co.*, 55 N. Y. 220; *Hahl* v. *Sugo*, 169 N. Y. 109; *Pappenheim* v. *M. E. Co.*, 128 N. Y. 436; *Henderson* v. *R. R. Co.*, 78 N. Y. 423; *Williams* v. *R. R. Co.*, 16 N. Y. 97; *Wheelock* v. *Noonan*, 108 N. Y. 179.) The action was tried as one in equity without objection by the counsel for the plaintiff, the appellant here, that it was not so triable and he availed himself of the findings of the court in his favor and entered a judgment thereon awarding the plaintiff the equitable relief prayed for in his complaint. He cannot be permitted now in this court to question the propriety of the trial of the action in that way. (*Clarkson Home* v. *C. & O. R. R. Co.*, 92 App. Div. 491; *R. F. Land Co.* v. *Bruyce*, 43 Misc. Rep. 403; *Tripp* v. *Hunt*, 45 App.

Div. 100; *Rooney* v. *Bodkin,* 73 App. Div. 431; *Town of Mentz* v. *Cook,* 108 N. Y. 504; *Derham* v. *Lee,* 15 J. & S. 174; 87 N. Y. 599; *Storrs* v. *Weiler,* 128 N. Y. 655; *B. S. & C. Co.* v. *D., L. & W. R. R. Co.,* 130 N. Y. 152; *Crisfield* v. *Murdock,* 127 N. Y. 315.)  When the record is examined it will be found there were controverted facts on the trial.  That appearing, this court has no right or power to consider them and the order of the Appellate Division reversing the judgment appealed from must be affirmed.  (*Otten* v. *Manhattan Ry. Co.,* 150 N. Y. 395; *Crooks* v. *P. Nat. Bank,* 177 N. Y. 68; *Matter of Totten,* 179 N. Y. 112.)

MILLER, J.  To elucidate the points made on this appeal it is necessary to state somewhat at length the proceedings in the action leading up to the judgment appealed from.  The action, as the complaint was originally framed, was one at law to recover possession of a strip of land described as being about fourteen feet long and about six inches wide which was claimed to be encroached upon by the exterior wall of the defendant's building.  The defendant pleaded in defense facts to bring the case within subdivision 2, section 1499 of the Code of Civil Procedure.  Subsequently, by leave of the court, an amended complaint was served which alleged that there were two encroachments over the division line of the plaintiff's and defendant's premises, one in front about fourteen feet long and seven inches wide, and one in the rear forty feet long and of varying width, not exceeding seven inches, and that the plaintiff had no adequate remedy at law for the reason that it would be impossible or impracticable for the sheriff to execute a writ for the delivery of possession, and demanded a mandatory injunction requiring the defendant to remove the encroachment, together with damages for the unlawful withholding of possession.  Issue being joined, the case was noticed for trial at a Trial Term to be

held in Albany county. When the case was moved for trial and a jury had partially been impanelled, the defendant's counsel called attention to the fact that no issues had been framed and objected to any questions being submitted to the jury on which to base judgment in an equitable action, but consented, to quote his language, "that such questions might be submitted to the jury as the court desires to submit to aid it in arriving at a judgment, and such questions as might be determined to be of a legal nature if it be determined, the action be an action of ejectment, when we get through." No response to that statement was made by the court or opposing counsel. At the close of the evidence, after a motion to dismiss the complaint had been denied, the court asked if a question had been framed, and, after consultation with counsel, stated the specific questions to be submitted to the jury. At the opening of the charge the court said:

"This is an equity action. * * * Here certain questions are to be submitted to you for your determination, and your verdict is to guide the Court, providing the Court adopts it."

No question was submitted as to the rear encroachment. The jury found the encroachment in front to be six and one-half inches over the line; that the plaintiff was damaged by that encroachment in the sum of $1,200, and that the rental value of the land encroached upon was $50. The defendant then moved on the minutes to set aside the verdict on the grounds specified in section 999 of the Code of Civil Procedure. The plaintiff moved for judgment. The court took both motions under advisement and instructed counsel to submit briefs and proposed findings. Later the court marked the findings proposed by the defendant, some as found and others as refused, adopted the findings of the jury and made new ones and filed a decision upon which a judgment was entered, which recited the prior proceedings, the submis-

sion by order of the court of specific questions to the jury, the verdict of the jury, the denial of a motion to set it aside, its adoption by the court, the trial of all the issues and the consideration by the court of the pleadings, testimony and minutes of the trial, including the exhibits and findings of the jury. It was adjudged that upon the delivery by the plaintiff of a deed of both parcels claimed to have been encroached upon, together with a release of all damages for the encroachments, the defendant should pay therefor the sum of $1,586.73, besides costs, and that in default of such payment a mandatory injunction should issue requiring the defendant to remove the encroachments. The defendant filed exceptions to the findings and refusals to find and appealed from the judgment. The order of reversal, as amended, states that the judgment was reversed "upon the ground that the verdict and the findings are against the weight of evidence."

The appellant insists that the Appellate Division was without power to reverse on the facts for the following reasons:

1. That there was no appeal from an order denying a motion for a new trial; and

2. That there was no disputed question of fact in the case.

The second point needs but brief notice. There was plainly a question of fact as to the extent of the encroachment in front, which was the sole basis of the finding as to damages. Even the surveyor, called by the plaintiff, admitted that he had testified in another trial that the front encroachment was only four and three-fourths inches over the line, and the defendant's evidence tended to show that it was less than that. If the encroachment was less than six inches, the case was within section 1499 of the Code of Civil Procedure, and, though the action was not one "to recover real property," a court of equity would refuse a mandatory injunction.

The argument under the first point is subdivided as follows:

A. That the action was one at law;

B. That it was treated as one at law;

C. That even if it was in equity, special questions were submitted to a jury as a substitute for the trial of a feigned issue at law under the chancery practice, and that under section 1003 of the Code of Civil Procedure the findings of the jury, adopted by the court, are conclusive in the absence of an appeal from an order denying a motion for a new trial.

A. The action upon the final joinder of issue was for a mandatory injunction with incidental damages. It was not an action to recover real property with demand for incidental equitable relief, as is said. How incidental equitable relief could be granted at law has not been explained. In fact, the judgment grants purely equitable relief. While the forms of action have been abolished and the same court exercises jurisdiction both at law and in equity, the rules governing the exercise of the two jurisdictions are distinct. There is nothing in *Hahl* v. *Sugo* (169 N. Y. 109) to the contrary. That case merely decided that it is no longer necessary in such a case as this, as it was formerly, to establish the legal right before seeking equitable relief; that the right to both legal and equitable relief upon a given state of facts does not give two causes of action and that a plaintiff could not sue at law and obtain legal relief and later bring another suit on the same cause of action for equitable relief. Where a party asks for both legal and equitable relief in respect to the same cause of action, he waives, though he may not thus deprive the adverse party of, the right to a trial by jury. (*Davison* v. *Associates of the Jersey Company*, 71 N. Y. 333; *Cogswell* v. *New York, New Haven & Hartford R. R. Co.*, 105 N. Y. 319; *Lynch* v. *Metropolitan Elevated Ry. Co.*, 129 N. Y. 274.)

B. The statement of facts plainly shows that the action was tried as one in equity. The fact that it was noticed for and tried at a Trial Term or that the note of issue stated that it was an issue of fact triable by a jury is not controlling. The defendant, perhaps, could have demanded a jury trial. Instead, he insisted upon a trial by the court and the whole course of the trial, the decision and the judgment conclusively show that both court and counsel considered that the trial was by the court, the verdict of the jury on particular questions being taken merely as an aid to the court. An issue of fact, triable by the court, may be tried at a Trial or Special Term as the General Rules of Practice prescribe. (Code of Civil Procedure, section 976.)

C. While no formal order was made distinctly stating one or more questions of fact and directing the trial of them by a jury as prescribed by section 971 of the Code of Civil Procedure, the judgment recites that such a direction was made. If the proceedings had been less informal, there would have been less ground for argument on this appeal. Considering the case, then, as one tried by the court, in which specific questions were submitted to a jury as a substitute for the trial of feigned issues at law under the chancery practice, we come to the only debatable question in this case, namely, had the Appellate Division power to review the facts on an appeal from the judgment?

It seems strange to find such a question apparently open for discussion. As will be shown, it has been settled by this court against the appellant, though there are cases which upon a superficial examination seem to support his argument, notably *Chapin* v. *Thompson* (80 N. Y. 275; 89 N. Y. 270). That was an action to foreclose a mortgage, the defense being that it was void for usury. A specific question was submitted to a jury, who found for the defendant. After the verdict the case was brought on at Special Term, further evidence besides the verdict

and the evidence before the jury was received, and both sides moved for judgment. The court adopted the finding of the jury and gave judgment for the defendant. After the entry of the judgment, the plaintiff moved for a new trial of the special issue. The Special Term declined to entertain the motion for want of power, the General Term reversed the Special Term and this court, in 80 N. Y. 275, reversed the General Term on the ground that, under section 1003 of the Code of Civil Procedure, such a motion could not be made after judgment. That section provides:

"The provisions of this article, relating to the proceedings to review a trial by a jury, are applicable to the trial, by a jury, of one or more specific questions of fact, arising upon the issues, in an action triable by the court. But, except in a case specified in section 970 of this act, a new trial may be granted, as to some of the questions so tried, and refused as to the others; and an error, in the admission or exclusion of evidence, or in any other ruling or direction of the judge, upon the trial, may, in the discretion of the court which reviews it, be disregarded, if that court is of opinion, that substantial justice does not require that a new trial should be granted. Where the judge, who presided at the trial, neither entertains a motion for a new trial, nor directs exceptions, taken at the trial, to be heard at a term of the appellate division of the supreme court, a motion for a new trial can be made only at the term, where the motion for final judgment is made, or the remaining issues of fact are tried, as the case requires."

The case then went up on appeal from the judgment. No exceptions had been taken on the trial at Special Term. The General Term (23 Hun, 12, 15) and this court (89 N. Y. 270, 274) declined to consider the exceptions taken on the trial before the jury, DANFORTH, J., saying: "Exceptions taken upon the trial of specific questions of fact arising in an equity action, and ordered to be

answered by a jury should be presented for review before final judgment." With respect to the facts the General Term, per WESTBROOK, J., said: "Unless, however, a motion for a new trial has been made at Special Term, the findings of the jury will be deemed to have been 'acquiesced in, and the questions of fact involved therein cannot be reviewed on appeal,'" citing *Ward* v. *Warren* (15 Hun, 600). The appellant argued in this court that the finding of fact as to the usurious agreement was without evidence to sustain it. The respondent answered that by failing to move for a new trial of the so-called "feigned issue" before judgment, the appellant was foreclosed from questioning the finding of the jury. This court said: "We are bound by the finding that the bond and mortgage from Thompson to Helmar had their inception in a usurious loan of money. There is evidence which may be so considered as to warrant that conclusion." (p. 274.) The General Term did consider the facts in *Ward* v. *Warren*, but in its opinion, written by BOCKES, J., there is a statement of like effect to that of WESTBROOK, J., above quoted. That statement is supported by references which show that it was based on a rule of the Supreme Court (Rule 33, 1858; rule 40, 1871 and 1874), the last sentence of which was:

"Such motion shall be made in the first instance at Special Term; and if neither party move for a new trial in such case, they shall be deemed to have acquiesced in the decision of the judge or referee, and the verdict of the jury or the report of the referee, and the same shall not be questioned upon a final hearing of the cause, or in any subsequent proceeding therein."

In this connection it is interesting to note that an act was passed in 1838 regulating the trial of feigned issues at law in equity cases (Laws of 1838, chap. 258), which provided that the finding of the jury thereon should be conclusive unless a new trial was granted by the court in which the issue was tried. That act was repealed the

37

next year. (Laws of 1839, chap. 317.) *Ward* v. *Warren* was affirmed by this court (82 N. Y. 265), but Judge EARL, writing for the court, discussed at some length the question whether there was sufficient evidence to support the finding, without referring in any way to the point made by the respondent that it was conclusive in the absence of a motion for a new trial.

The other cases in this court, cited by the appellant, are *Carr* v. *Carr* (52 N. Y. 251); *Learned* v. *Tillotson* (97 N. Y. 1); *First National Bank of Chicago* v. *Dean* (137 N. Y. 110). The first case was an action in ejectment, and the point now raised was not involved or considered. The second was an equity case, in which a specific question was submitted to a jury and then upon the trial at Special Term the court had disregarded the finding of the jury and found the other way. The case is not applicable here except possibly upon the point that in such case the finding of the jury is evidence merely to be weighed like other evidence, to be adopted, modified or entirely rejected as, in the opinion of the court, the entire evidence may warrant. The third case, like the first, was an action at law triable by a jury, in which by consent a verdict was taken upon certain questions and the remaining issues were submitted to the court, which adopted the findings of the jury and made other findings. Of course, in a case triable of right by a jury, its findings even on a part only of the issues should be conclusive in the absence of a motion to set them aside. But, while Judge O'BRIEN, writing for this court in that case, said that the defendant, if not satisfied with the findings of the jury, should have moved for a new trial, he proceeded to consider the case as though there had been a trial of the whole case by the court without a jury.

Certainty is the matter of prime importance on questions of practice. This court has at least three times laid down the rule that, where specific questions are sub-

mitted to a jury as a substitute for the trial of a feigned issue at law under the chancery practice, the judgment is to be reviewed precisely as though the trial had been by the court without the intervention of a jury. (*Birdsall* v. *Patterson*, 51 N. Y. 43; *Carroll* v. *Deimel*, 95 N. Y. 252; *Townsend* v. *Bell*, 167 N. Y. 462.) The last case is particularly instructive. It was an equity suit in which special issues were submitted to a jury. No motion for a new trial was made. The Special Term adopted the findings of the jury and gave judgment accordingly. The Appellate Division reversed. The order of that court as resettled stated that the reversal was upon the grounds stated in the opinion of Mr. Justice PUTNAM, which was made part of the order, but it did not distinctly state that the reversal was upon the facts, as the rule requires if that be the case. It was argued in this court and many of the cases relied upon by the appellant here were cited in support of the argument that the Appellate Division had no power to reverse on the facts in the absence of an appeal from an order denying a motion for a new trial. But this court decided that in the absence of a definite statement in the order to the contrary the Appellate Division was presumed to have reversed on the law only and then proceeded to consider whether there was any evidence to support the findings, whether the findings supported the conclusions of law and whether there were any exceptions to the rulings at the trial which would have justified a reversal.

The rule thus iterated by this court is consistent with the provisions of the Code of Civil Procedure. Said section 1003 was a new section not taken from the Code of Procedure. Throop says that it was prepared for the purpose of settling various questions which had hitherto remained open. It was decided in *Lansing* v. *Russell* (2 N. Y. 563) that an appeal would not lie from an order granting a new trial of feigned issues for the reason that the discretion of the chancellor was not reviewable.

After the adoption of the Code of Procedure it was held that an order denying a motion for a new trial of special issues settled under section 72 was not reviewable (*Clark* v. *Brooks*, 2 Abb. Pr. [N. S.] 385; *Hatch* v. *Peugnet*, 64 Barb. 189), and the rule was even unsettled as to where a motion for a new trial should be made. In *Snell* v. *Loucks* (12 Barb. 385) the practice was reviewed by Judge WILLARD, and the rule was adopted that motions for new trials in such cases should be made at the General Term in the first instance. Those questions were settled by said section, which provided where the motion was to be made in the first instance, and, by making the provisions relating to the review of a trial by jury applicable, authorized a review of an order granting or denying a motion for a new trial of specific questions tried by a jury under section 970 or section 971. The rule in equity cases, governing the review of erroneous rulings, was made applicable to cases under section 971. Another section referred to later contains an important exception with respect to cases under that section. Said section 1003 contains no provision like that in the old court rule, to the effect that a party not moving should be deemed to have acquiesced in the verdict, or like the provision in the act of 1838, hereinbefore referred to. In this connection, the last sentence of section 970 is very significant. It is:

" The subsequent proceedings are the same, as where questions arising upon the issues, are stated for trial by a jury, in a case where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions so stated, is conclusive in the action unless the verdict is set aside, or a new trial is granted."

Thus in a case specified in that section, the verdict is conclusive in the absence of a motion to set it aside or for a new trial, and, therefore, can be reviewed only by a motion made under section 1003. In a case specified in section 971, the verdict is evidence only and may be

reviewed by a motion for a new trial made under section 1003, but no appeal can be taken from an order granting or denying such a motion on the merits. (Code of Civil Procedure, section 1347, subd. 2.)

A finding of fact without any evidence tending to sustain it is a ruling upon a question of law, and an exception is necessary to review it in this court; but the Appellate Division is required, as that court in the first and second department has decided, to review the facts on an appeal from a judgment entered on the report of a referee, or the decision of the court on a trial by the court without a jury, even in the absence of an exception. (Code of Civil Procedure, section 993; *Henderson* v. *Dougherty*, 95 App. Div. 346; *Witte* v. *Koerner*, 123 App. Div. 824.) The trial of one or more questions of fact by a jury in a case under section 971 of the Code of Civil Procedure constitutes no part of the trial of the issues by the court. That precise proposition was necessarily decided in *McClave* v. *Gibb* (157 N. Y. 413), and is the corollary of the rule that in such case the verdict is only evidence. The distinction between the trial of one or more questions of fact by a jury to inform the conscience of the court, as the cases say, and the subsequent trial of the whole issue by the court, which existed under the chancery practice, is apt to be lost sight of when both trials are conducted at the same time, especially where, as in this case, that practice gives rise to a disregard of the customary forms of procedure. That distinction, however, is preserved by the Code sections, hereinbefore considered. The findings of fact upon which the judgment in such a case is based are made by the court, and there can be no good reason why they should not be reviewed on an appeal from the judgment, precisely as though they had been made without the aid of a jury, particularly as they may be contrary to the findings of the jury.

The rule, then, plainly deducible from the Code sections, the decisions of this court and the reason of the

case, is, as heretofore stated, that in cases triable by the court, in which specific questions are submitted to a jury under section 971 of the Code of Civil Procedure, the trial of the whole issue by the court is to be considered as a trial by the court without a jury, and the judgment is to be reviewed on appeal precisely as though the case had been tried without the intervention of a jury. It follows that the Appellate Division had the power to review the facts, and there being a question of fact in the case, we must either dismiss the appeal or affirm the judgment and grant judgment absolute on the stipulation. While it is now the settled practice to adopt the latter course, unless for some reason the case is exceptional (*Matter of Mosher*, 185 N. Y. 435), we have concluded to dismiss the appeal in view of the doubt that may have heretofore existed on the question of practice raised by the appellant.

The appeal should be dismissed, with costs.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, HISCOCK, CUDDEBACK and HOGAN, JJ., concur.

Appeal dismissed.