■ ARTHUR E. LITTEER et al., Appellants, v. ANDREW MOREK et al., Respondents.— Judgment reversed in the exercise of discretion and case

remitted to the Trial Term for further proceedings in accordance with the memorandum. Memorandum: The construction of the complaint most favorable to the plaintiff would be that it stated a cause of action in ejectment and for an injunction. The trial court properly denied plaintiffs' request for a trial by jury. It is well settled that a plaintiff who seeks both legal and equitable relief in respect to the same wrong thereby waives his right to trial by jury (*Carroll* v. *Bullock*, 207 N. Y. 567, 574; *Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391, 396). The plaintiffs claim that their cross-examination of the defendant, Andrew Morek, attacking his competency as a witness, was improperly curtailed. The abbreviated state of the record before this court makes impossible the determination of whether prejudice resulted from this exclusion. The record indicates that the defendants' motion to dismiss the complaint was granted as of the close of the plaintiffs' case. In this event, the judgment may not make any adjudication as to title to the properties involved but may merely dismiss the complaint on the merits. (*Kazansky* v. *Bergman*, 4 A D 2d 79). On the other hand, if the motion was granted at the close of the entire case and if an adjudication as to title to the properties was to be made, then findings or a statement of facts which the court deemed essential were required (Civ. Prac. Act, § 440). The memorandum decision by the Trial Justice is not adequate to constitute such a statement of facts deemed essential. The judgment appealed from should be reversed and the matter remanded for further proceedings not inconsistent with this memorandum. All concur. (Appeal from a judgment of Yates Equity Term establishing the boundary line between the properties of the parties, establishing a right of way between such properties, adjudging that defendants did not trespass on the properties of plaintiffs, and dismissing plaintiffs' complaint and defendants' counterclaim.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.